# WOLF *vs.* THE STATE.

[INDICTMENT FOR LARCENY OF HOG.]

1. *Conviction of attempt to commit misdemeanor charged.*—Under an indictment for a misdemeanor, a conviction may be had of an attempt to commit the offense charged, if the proof fails to show that the offense was consummated.

2. *Larceny; what constitutes asportavit.*—Where the only witness for the prosecution, under an indictment for the larceny of a hog, testified, "that he heard a gun fire in the woods, and, immediately afterwards, heard a hog squeal; that he saw the defendant, soon afterwards, chasing the hog, and pursued him; that the defendant chased the hog about one hundred yards, and was in the act of striking it with his gun, when witness came up with him, and asked him what he was doing; and that he replied, he had shot at a squirrel, and hit the hog, and he wanted to see where the hog was shot,"—*held*, that this did not show a sufficient caption or *asportavit* to consummate the offense of larceny.

FROM the Circuit Court of Morgan.

Tried before the Hon. WM. B. WOOD.

THE indictment in this case was found on the 19th October, 1866, and charged, that the defendant, "Anderson Wolf, feloniously took and carried away a hog, the personal property of Lawson Wildman, of the value of seven dollars." On the trial, at the March term, 1867, on issue joined on the plea of not guilty, the defendant reserved the following bill of exceptions: "On the trial of this cause, the prosecuting attorney introduced witnesses, and proved the following facts: In the fall of 1865, about an hour before sundown one evening, the witness heard a gun fire in the woods, not far from the residence of James Wilson, and, immediately afterwards, heard a hog squeal; that he saw the defendant, soon afterwards, chasing the hog, and pursued him, and came up with him just as he was in the act of striking the hog with his gun, but before he struck; that he (witness) called to him, and asked him what he was doing; that the defendant replied, he had shot at a squirrel,

Wolf v. The State.

,and hit the hog, and he wanted to see where the hog was shot; and that the defendant had pursued the hog about one hundred yards, before he came up with him. The hog was not in an inclosure, but was running in the range; it belonged to Lawson Wildman, and was worth seven or eight dollars. The occurrence was in Morgan county. This was all the evidence in the case. The defendant thereupon asked the court to charge the jury—'1st, that they could not, upon this evidence, convict the defendant, because there was not a sufficient caption and *asportavit* to support the indictment; and, 2d, that the evidence was not sufficient to show such an actual or constructive taking and carrying away, as would make the offense larceny.' The court refused each of these charges, and the defendant excepted to their refusal."

S. C. Posey, for the defendant.

Jno. W. A. Sanford, Attoney-General, *contra.*

BYRD, J.—The indictment is predicated on section 3174 of the Code, which declares, that "any person, who commits the crime of larceny, by stealing any personal property, not exceeding twenty dollars, is guilty of petty larceny," &c. This leaves the offense, as to its ingredients, except the value of the property, the same as at common law. As a general rule, an attempt to commit a misdemeanor, is a misdemeanor; and section 3301 of the Code prescribes the mode and measure of punishment.—1 Bishop's Criminal Law, § 683 (520); *The State v. Murphy,* 6 Ala. 765. On an indictment for a misdemeanor, a conviction for an attempt to commit the offense may take place.— Code, § 3601; Penal Code of 1866, § 647; Revised Code, § 4199. The first charge asked was correctly refused by the court. The prisoner might have been convicted of an attempt to commit larceny, without any caption or asportation of the property. But he could not be convicted of larceny, without proof of a taking and carrying away the property. All the evidence is set out in the bill of exceptions; and we are satisfied that it does not show such a taking and carrying away of the property as is necessary

to make out the offense of larceny.—2 Bishop's Criminal Law, §§ 804 (699), 806 (701); 3 Greenleaf's Ev. §§ 154, 155; *Spivey v. The State*, 26 Ala. 90, and authorities cited. The court should have given the second charge asked, and on this account, the judgment of the court must be reversed; and as a conviction may be had, for an attempt to commit the offense with which the prisoner is charged, if the evidence should satisfy the jury that he is guilty of such attempt, the cause will be remanded for another trial.

Reversed and remanded.