## STATE *v.* WILLIAM WILKERSON.

Where A was indicted for stealing a hog, and on the trial it was shown that a hog, belonging to the prosecutor, had been killed and concealed in the corner of the fence covered with leaves; and that A was seen at night, to go to the place and look carefully around and stoop over, as if about to take the hog, and upon being hailed, fled: *Held*, that these facts alone, would not justify a verdict of guilty.

INDICTMENT for LARCENY, tried before *Henry, J.,* at Fall Term, 1874, GRANVILLE Superior Court.

The defendant was indicted for stealing a hog, the property of one Lowell Thorp. It was in evidence that on the morning of the day, on which the alleged larceny was committed, one Royster, a witness in the case, was passing through a skirt of woods and saw Lowell Thorp feeding his hogs. That on the evening of the same day said Royster returned and saw a dead hog in a corner of the fence. The witness identified the hog as the property of Lowell Thorp. The dead hog was covered with leaves. Royster informed Thorp that one of his hogs was dead, and also where it was. Thorp borrowed a gun from Royster and went off.

Lowell Thorp testified that in consequence of what he had been told by Royster, he borrowed a gun from him, and stationed himself near the corner of the fence where the dead hog was; that he waited there until some time in the night, when some one approached, got over the fence and looked around carefully as if looking for some one, and then stooped over, as if to take up the hog; witness then hailed him, and thereupon the person ran off. That he recognized that person as the defendant Bill Wilkerson.

The counsel for the defence, contended that the State had failed to prove a larceny ; and asked the Court to charge the jury, that if they believed the defendant shot the hog and covered it with leaves, he was not guilty.

His Honor refused to charge as requested, but charged the jury that if they believed the defendant shot down the hog and covered it with leaves, with a view to conceal it, until he could return and take it away secretly, that there was in law, a sufficient asportation, and they must find the defendant guilty. The defendant excepted to this charge.

The jury rendered a verdict of guilty, whereupon the prisoner moved for a new trial. The motion was overruled and sentenced pronounced, and the prisoner appealed.

*W. H. Young*, for defendant.
*Attorney General Hargrove*, for the State.

RODMAN, J. The case professes to set out the evidence, which unexplained, we must take to mean the whole evidence. It was briefly, that a hog belonging to one Thorp was seen on a certain day lying in the lock of a fence covered with leaves, and that during the night of that day, the prisoner got over the fence, looked around carefully as if looking for some one and then stooped over the hog as if to take it up, when Thorp who was on the watch hailed him, and he ran off. The Judge told the jury " that if they believed that the defendant shot down the hog, and covered it with leaves with a view to conceal it until such time as he could return to it, and take it away secretly, there was in law a sufficient asportation, and they must find the defendant guilty."

The prisoner in his request for instructions assumes as the Judge does, that there was evidence that he shot down the hog and covered it with leaves. Yet in the case sent to this Court there does not appear any evidence tending to that effect. In the absence of such evidence the Judge clearly erred in assuming the facts. Merely looking in the night time at a dead hog lying in the lock of the fence and covered with leaves, and running away on being hailed, does not constitute larceny. Probably there was evidence that the prisoner shot the hog, and covered it with leaves, but we cannot go out of the case sent up.

PER CURIAM.                                    *Venire de novo.*