# Croom *v.* The State.

*Indictment for Grand Larceny.*

1. *Larceny ; what constitutes asportation.*—Where, on the trial of a defendant indicted for the larceny of a hog, the only evidence of an asportation tended to prove that the defendant shot the hog, and cut its throat, these injuries resulting in death, a charge instructing the jury, that the "least removal of the hog by the defendant after he shot and killed it, would be an *asportavit* in law ; and if the jury believe from the evidence, beyond a reasonable doubt, that the defendant shot and killed the hog, and then took hold of it and cut its throat, that would constitute a taking and carrying away in the eyes of the law," is free from error.

2. *Hard labor for costs ; when sentence sufficient.*—Where the record does not show that the bill of costs includes any costs, for the payment of which the defendant can not be legally imprisoned, a judgment of conviction, specifying the exact duration of the additional hard labor imposed for costs, is sufficient.

APPEAL from Marengo Circuit Court.

Tried before Hon. WILLIAM E. CLARKE.

The judgment in reference to the costs in this case is in these words : "It is also ordered that the prisoner be and he is hereby sentenced to additional hard labor for Marengo county for one hundred and sixty-nine days, the time required by law to work out the costs of this prosecution at forty cents per day." The record fails to show the items of costs. The other facts are sufficiently stated in the opinion.

EUGENE McCAA, for appellant.

H. C. TOMPKINS, Attorney-General, for the State.

SOMERVILLE, J.—The defendant is indicted for the larceny of a hog. The only evidence of an *asportation* is that tending to prove that he shot the animal and cut its throat, these injuries resulting in death. The court charged the jury, that "the least removal of the hog by the defendant, after he shot and killed it, would be an *asportavit* in law ; and if the jury believe from the evidence, beyond a reasonable doubt, that the defendant shot and killed the hog, and then took hold of it and cut its throat, that would constitute a taking and carrying away in the eyes of the law."

This charge we think was correct, on the authority of *Edmonds v. The State,* 70 Ala. 8. "The controlling

[Murphy v. The State; Barnard v. The State.]

principle in such cases," we there said, "would seem to be, that the possession of the owner must be so far changed as that *the dominion of the trespasser shall be complete*. His proximity to the intended booty must be such as to enable him to assert his dominion by taking actual control or custody by manucaption, if he so wills. If he abandons the enterprise, however, before being placed in this attitude, he is not guilty of the offense of larceny, though he may be convicted of an attempt to commit it." The defendant very obviously may have been found guilty under the proper application of this principle.

The judgment of the court specified the exact duration of the additional hard labor imposed for costs, and this was sufficient.—*Coleman v. The State*, 55 Ala. 173. The record does not show that the bill of costs includes any for the payment of which the defendant can not be legally imprisoned within the principle settled by *Bradley's* case, 69 Ala. 318.

Affirmed.