# Frazier *v.* The State.

*Indictment for Larceny of Hog.*

1. *Larceny; asportation.*—If the defendant shot and killed a hog with felonious intent, as charged, covered it with boughs in a thicket, in order to conceal it until he could return and secretly remove it, and afterwards removed it with the consent of the owner, whose consent was procured by intentional misrepresentation and deception, he may be convicted of larceny.

2. *Charge on part of evidence, ignoring material qualifying facts.*—A charge asked in a criminal case, claiming an acquittal on certain facts hypothetically stated, and ignoring other material qualifying facts, which there is evidence tending to prove, is misleading, and therefore properly refused.

FROM the Circuit Court of Wilcox.

Tried before the Hon. JOHN MOORE.

The defendant in this case was indicted for the larceny of a hog, the property of W. B. Sheffield. On the trial, as appears from the bill of exceptions, issue having been joined on the plea of not guilty, said W. B. Sheffield thus testified on the part of the State: "In the latter part of January, 1888, the defendant, in company with Doss Dumas and one or two others, came to the house of witness about dark, and told him they had, on that evening, found one of his hogs killed in the Dees field, designating the place. Witness asked him, if the hog was spoiled; and he answered, that he thought it was, as it appeared to be considerably swollen. Witness then told him, that he reckoned it would do for soap-grease, and that they might have one-half if they would clean it; which they promised to do. On the next morning, witness went to the defendant's house, found the hog there cleaned, examined it, found it perfectly sound, carried it home, cut it up, and salted it down. The hog was killed by being shot in the side of the head with shot of different sizes." Ann Lewis, another witness for the State, "testified, in substance, that she was in the Dees' field about three o'clock that evening, and saw the defendant shoot and kill the hog, in a little pine-thicket in the field; that he did not see her; that he went up to the hog, after he had shot and killed it, broke off the tops of some pine bushes, and put them on it, and then went away; and that afterwards, on the

[Frazier v. The State.]

same evening, she told several persons what she had seen, one of whom was Doss Dumas." Doss Dumas, being introduced as a witness for the defense, "testified, in substance, as follows: On the evening mentioned, witness was informed by Ann Lewis that she had found a hog killed in the Dees field, and she believed it was his. Witness went, and found the hog where she said it was, with pine tops on it, but it was not his; it was Mr. Sheffield's. Witness then called the defendant and one or two others to come there; and he showed them the hog. The question was then asked by some one, what they should do about it; and defendant replied, that he did not want it to remain there, because he lived nearer to it than any one else, and they might suspect him of having killed it. It was then agreed to go and tell Mr. Sheffield about it; and they did so. Ann Lewis did not tell witness that she saw the hog killed, or who killed it." The bill of exceptions then states: "The above is all the evidence as to the point to which the defendant's exception relates," and that he requested the following charge in writing: "If the jury believe from the evidence that the defendant killed Mr. Sheffield's hog by shooting him with a gun, and that he did not move the hog after it was killed, then they must acquit the defendant of the larceny." The court refused this charge, and the defendant excepted.

No counsel appeared in this court for the defendant, so far as the record and the dockets show.

THOS. N. McCLELLAN, Attorney-General, for the State, cited *Edmonds v. State*, 70 Ala. 8; *Croom v. State*, 71 Ala. 14; Desty's Crim. Law, § 145, and cases cited.

CLOPTON, J.—It has been held that to shoot and then chase a hog with felonious intent, over which the defendant was prevented from acquiring dominion, is not a sufficient caption and asportation to constitute larceny.—*Wolf v. State*, 41 Ala. 412. On the other hand, a charge has been held to be correct, which instructed the jury, that if the defendant shot and killed, and then took hold of the hog, and cut its throat, this would constitute a taking and carrying away in the meaning of the law.—*Croom v. State*, 71 Ala. 14. It is said generally that, to constitute the offense, there must be a wrongful taking possession of the goods of another, with the intent to deprive the owner of his property, either perma-

nently or temporarily.   The accused must have acquired
dominion, so as to enable him to take actual custody or con-
trol, followed by asportation, which severs the property from
the possession of the owner to some appreciable extent.   The
caption may be constructive, as when possession is obtained
by trick, fraud, or deception.

If the defendant shot and killed the hog, with the larceny
of which he is charged, in a pine-thicket in the field, with
felonous intent, and covered it with pine-tops, in order to
conceal it until he could return and secretly remove it; and
if he subsequently removed it, in pursuance of the previous
felonious intent, there was, in the legal acceptance of the
terms, a taking and carrying away, sufficient to complete the
offense, though the removal may have been with the consent
of the owner, if such consent was procured by intentional
misrepresentation and deception.—*State v. Wilkinson*, 72 N.
C. 376; *State v. Fenn*, 13 Ark. 168.   The charge requested
by the defendant, ignored these material facts, which there
was evidence tending to prove, and was misleading.   There
is no error in its refusal.

Affirmed.