# Thompson *v.* The State.

*Indictment for Larceny from the Person.*

1. *Asportation.*—A conviction for the larceny of money from the person can not be had on evidence showing that the defendant, when the prosecutor held out two silver dollars in his hand, "grabbed for the money, but did not get it, and only knocked it from the owner's hand with a felonious intent," and ran away when the money fell to the ground.

FROM the Circuit Court of Pike.

Tried before the Hon. JOHN P. HUBBARD.

Indictment for larceny from the person. The opinion states the material facts. Charge No. 1, asked and refused, was in these words: "The jury must believe, beyond a reasonable doubt, that the defendant' got the money into his hand, or actual possession of it, before they can convict him of larceny.'

R. L. HARMON, for appellant. cited *Edmunds v. State,* 70 Ala. 8; *Croom v. State,* 71 Ala. 14; *Frazier v. State,* 85 Ala. 19; Eng. & Amer. Encyc. Law, 760, 763.

WM. L. MARTIN, Attorney-General, for the State.

WALKER, J.—The witness for the State testified that he held out his open hand with two silver dollars therein, showing the money to the defendant; that the defendant struck witness' hand, and the money was either knocked out of his hand or was taken by the defendant, he could not tell positively which. It was after twelve o'clock at night, and the witness did not see the money, either in defendant's possession or on the ground. The court charged the jury: "If the jury find from the evidence that the defendant, with a felonious intent, grabbed for the money, but did not get it, but only knocked . it from the owner's hand with a felonious intent, this would be a sufficient carrying away of the money, although defendant never got possession at any time of said money." This charge

[Kinney v. Ensminger.]

was erroneous. To constitute larceny, there must be a felonious taking and carrying away of personal property. There must be such a caption that the accused acquires dominion over the property, followed by such an asportation or carrying away as to supersede the possession of the owner for an appreciable period of time. Though the owner's possession is disturbed, yet the offense is not complete if the accused fails to acquire such dominion over the property as to enable him to take actual custody or control.—*Frazier v. The State*, 85 Ala. 17; *Croom v. The State*, 71 Ala. 14; *Edmunds v. The State*, 70 Ala. 8; *Wolf v. The State*, 41 Ala. 412. It is not enough that the money was knocked out of the owner's hand, if it fell to the ground and the defendant never got possession of it. The defendant was not guilty of larceny, if he did not get the money under his control. If the attempt merely caused the money to fall from the owner's hand to the ground, and the defendant ran off without getting it, the larceny was not consummated, as the dominion of the trespasser was not complete. Charge No. 1 was a proper statement of the law as applicable to the evidence above referred to, and it should have been given.

Reversed and remanded.