# Molton v. State.

## Indictment for Larceny.

1. *Larceny; asportation.*—A conviction for larceny can not be had unless there is an asportation which severs the property from the possession of the owner to some appreciable extent; and under an indictment charging the larceny of a hog, a charge is erroneous which instructs the jury that "If a man shoots a hog of another with the intent to steal it, and kills it, and gets near enough to the hog to exercise dominion and control over it, after the killing, with the intent to steal it, he is guilty of larceny thereof."

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOMAS M. ARRINGTON.

The appellant was indicted, tried and convicted for the larceny of a hog, and sentenced to the penitentiary for three years.

The State introduced one William Taylor, as a witness, who testified that on February 6, 1894, (the trial being at the October term 1894), he missed a hog belonging to him, and that on going to look for it he came to a thicket whence the defendant came; that defendant picked up a gun lying near by, and after advancing towards the witness spoke to him, and then walked away; that he, the witness, went into the thicket and found his hog lying therein dead, with blood running from what appeared to be a freshly made gun-shot wound; that he could not be mistaken as to the defendant's identity; that he knew the defendant well, and had lived as his neighbor for several years. The witness further testified that he did not see the defendant at the hog at all, but that the defendant came from the direction where he found the hog lying in the thicket.

The testimony for the defendant tended to prove an *alibi*, being to the effect that on the 6th day of February, at the time specified by the witness Taylor, he was in the city of Montgomery, and was not at the place where the said Taylor found his hog, a distance of seven miles from Montgomery. The defendant denied all knowledge as to the killing of the hog, and as a witness in his

own behalf, testified that he did not kill the hog.

The part of the court's general charge to the jury, to which exception was reserved, is copied in the opinion.

JOHN G. WINTER, for appellant.—To constitute larceny there must be a taking. Dominion must be exercised. It is not enough that the accused was in a position to exercise it.—*Thompson v. State*, 94 Ala. 535; *Frazier v State*, 85 Ala. 17; *Kemp v. State*, 89 Ala. 52; *Croom v. State*, 71 Ala. 14; *Edmonds v. State*, 70 Ala. 8; 2 Bish. Crim. Law, §794.

W. C. FITTS, Attorney-General, for the State.—While the charge involved on this appeal is inartificially drawn, it asserts a correct proposition of law, and is free from error.—*Croom v. State*, 71 Ala. 14; *Frazier v. State*, 85 Ala. 17; *Kemp v. State*, 89 Ala. 52; *Edmonds v. State*, 70 Ala. 8.

BRICKELL, C. J.—The indictment is founded on the statute (Cr. Code, § 3789), which declares the larceny of a hog, and of other domestic animals therein enumerated, a felony, without regard to the value of the animal. On the trial the court instructed the jury in these words: "If a man shoots the hog of another with the intent to steal it, and kills the hog, and takes possession of it, he is guilty of larceny; or if he gets near enough to the hog to exercise dominion and control over it, after the killing, with the intent to steal it, he is guilty of larceny thereof." An exception was reserved to the instruction as a whole, and a separate exception to the last clause or member commencing with the word *or*. As a whole the instruction is not erroneous. The first clause or member hypothesizes every fact essential to constitute larceny. The intent to steal, and the consummation of the intent by the taking possession, which of itself includes an asportation, are the essential elements of the offense of larceny, however it may be defined or described. The last clause or member however, seems to us erroneous. To constitute larceny there must be a severance of the possession of the owner and an actual possession by the wrong-doer. The severance of the possession of the owner, and the actual possession of the wrong-doer, may be but for a moment; the length of

[Molton v. The State.]

time they continue is not important; but as appreciable facts, they must exist.—Roscoe's Cr. Evidence, (7th Ed.), 622; *Frazier v. State*, 85 Ala. 17; *Thompson v. State*, 94 Ala. 535; *Wolf v. State*, 41 Ala. 412; *State v. Seagler*, 1 Rich. (S. C.) 20; *State v. Alexander*, 74 N. C. 232. That the wrong-doer may be in such position or condition as enables him to exercise the power of taking and carrying away the thing alleged to be stolen, is not sufficient. Until he avails himself of the position or condition, and exercises the power by the taking of possession, which, as we have said, involves an asportation, the offense is not complete, however evil may have been his intent.

In *State v. Seagler*, 1 Rich. (S. C.) 20, *supra*, an indictment for the larceny of a hog, the facts were in all material respects, similar to the facts of the present case, and it was held, the offense was not complete unless the accused, after killing the hog, had taken possession of it. The court said, though the intent to steal was manifest, to constitute the offense, there must be a carrying away, a removal of goods from where they were, "and the felon must, at least for an instant, be in the entire possession of the goods." In *State v. Alexander*, 74 N. C. 232, *supra*, the court said: "To complete the crime of larceny, it is not sufficient that the defendant had the control of the article, that is, had the power to remove it, but there must be an asportation of the thing alleged to have been stolen. It is true, a very slight asportation will be deemed sufficient, yet there must be some removal to complete the offense. The case here shows that there was no removal of the hog, but that it remained *in situ*, as it had been shot down." In *Frazier v. State*, 85 Ala. 17, *supra*, said Clopton, J.: "It is said generally that to constitute the offense, there must be a wrongful taking possession of the goods of another, with the intent to deprive the owner of his property, either permanently or temporarily. The accused must have acquired dominion, so as to enable him to take actual custody or control, followed by asporation, which severs the property from the possession of the owner to some appreciable extent." In *Thompson v. State*, 94 Ala. 535, *supra*, said Walker, J.: "To constitute larceny, there must be a felonious taking and carrying away of personal property. There must be such a caption that the accused acquires dominion over the property, fol-

lowed by such an asportation or carrying away, as to supersede the possession of the owner for an appreciable period of time. Though the owner's possession is disturbed, yet the offense is not complete, if the accused fails to acquire such dominion over the property as to enable him to take actual custody or control." The accused may, with the intent to steal, have killed the hog, and may have been near enough to take possession and carry it away, yet, the offense of larceny was not complete, until the possession of the owner was severed by the taking of actual possession by the accused. If the expressions in the opinions in the cases of *Edmonds v. State*, 70 Ala. 8, *Croom v. State*, 71 Ala. 14, to which we are referred, assert a contrary doctrine, we can not adhere to them.

The last clause of the instruction is erroneous, and the judgment must be reversed and the cause remanded.