## STATE v. BURT GREEN.

*Trial—Practice—Sufficient Evidence— Withdrawal of Case from Jury.*

It is only where the evidence, in no aspect of it, would reasonably warrant the jury in drawing the inference that the defendant is guilty, that the trial Judge should withdraw the case from the consideration of the jury.

INDICTMENT FOR LARCENY, tried before *Bryan, J.*, and a jury, at Spring Term of CRAVEN Superior Court. The defendant was convicted and appealed. The facts appear in the opinion of Associate Justice CLARK.

*The Attorney General*, for the State.
*Mr. L. J. Moore*, for defendant.

CLARK, J. : The prosecutor lost a spotted hog with marked ears and weighing about 140 pounds from his pen on which blood was found. Blood was tracked down the road to the house in which the defendant and his mother

lived ; back of the house the entrails of a freshly killed hog were found in a sack, and also concealed in a marshy place in front of the house, hog meat, freshly killed and cut up, but badly cleaned, so that it could be seen to have been a spotted hog and apparently about the weight of the one the prosecutor had lost. The ears had been cut off. The meat was left there and watched. That night the defendant came to the meat and was about to pick it up but was arrested and carried back to the house and the mother was told about it in the defendant's presence, when she said she was "sorry for it, that is what boys get by being in bad company." To this the defendant made no reply. He introduced no evidence. The court properly held that there was sufficient evidence to be submitted to the jury. *State* v. *Christmas*, 101 N. C., 749. The evidence in *State* v. *Wilkerson*, 72 N. C., 376, falls very far short of the accumulation of incriminating facts in this case, but even that case was doubted in *State* v. *Christmas, supra*. It is the combination of circumstances rather than any isolated one in particular, which justified the submission of this case to the jury.

As pointed out in *State* v. *Kiger*, 115 N. C., 746, 751, the test is not whether the Judge, sitting himself as a juror, would have found the defendant guilty. If that were the rule, then the mere fact that the Judge submitted any case to the jury would necessarily go to them with the strongest of intimations on the part of the court that the jury ought to convict. It is only when the evidence, in no aspect of it, would reasonably warrant the jury in drawing the inference that the defendant is guilty, that the court should withdraw the case from the tribunal whose exclusive province it is to pass upon the facts.

No Error.