## STATE v. ELISHA BEAL.

*Indictment for Murder—Homicide—Sufficiency of Evidence.*

1. Where on the trial of defendant, who was charged with causing the death of one G. by screwing down the safety valve of a boiler of which G. was fireman, thereby intentionally causing an explosion which resulted in the death of G. and another, there was evidence tending to show that defendant had malice towards G., who had taken his place as fireman after his discharge from that position; that he was at the boiler alone about midnight of the night before the explosion; that the valve had been screwed down by some one unknown, and the explosion thus caused; that the defendant soon after the explosion was heard to say that he had been expecting every minute that morning to hear the explosion, and consequently had not gone near it, and that he had said the day before that the explosion would occur, and that defendant's character was bad; *Held,* that the evidence was sufficient to authorize the trial judge to submit the case to the jury.

2. Where, by inadvertence the judgment of the court below in a
   criminal action is omitted from the transcript, the court
   will, *ex mero motu*, send down an *instanter certiorari* to per-
   fect the record.

INDICTMENT for murder, tried before *Coble, J.*, at Spring
term, 1896, of CHATHAM Superior Court. The facts ap-
pear in the opinion of Associate Justice CLARK. The
defendant was convicted of manslaughter and appealed.

*Attorney General* and *Mr. Perrin Busbee*, for the State.
*Mr. T. B. Womack*, for defendant (appellant).

CLARK, J.: The exceptions to evidence are without
merit and require no discussion. The prisoner insists,
however, that the judge erred in refusing his prayer that
there was not sufficient evidence to submit the case to the
jury.

The prisoner was charged with having caused the death
of one Gunter by screwing down the safety valve of the
boiler of a steam engine of which Gunter was fireman,
thereby intentionally causing an explosion, resulting in
the death of Gunter and another man. There was
evidence for the State that the prisoner had been dis-
charged as fireman, Gunter being put in his place, and
that he had malice towards Gunter in consequence thereof;
that the prisoner was at the boiler alone about midnight
before the explosion ; that when the explosion occurred
the valve had been screwed down by some one unknown,
by which the explosion was caused ; that the day before
the prisoner had said the boiler would explode, and soon
after it took place he was heard to say that he had expected
every minute that morning to hear the explosion till it
took place, and in consequence had not gone near it, that
morning, &c. The prisoner contended that this evidence
was consistent with his innocence, besides he controverted

parts of it by his own testimony. There was evidence of his bad character. There was sufficient evidence to submit the case to the jury. *State* v. *Green*, 117 N. C., 695 ; *State* v. *Kiger*, 115 N. C., 746 ; *State* v. *Rhodes*, 111 N. C., 647 ; and upon this and the other evidence it was the province of the jury to find the facts.

The charge of the Court carefully guarded the rights of the prisoner, and if, as the jury must have found, the death of the two men was caused by the prisoner's screwing the safety valve down with intent to cause the explosion the jury took the most lenient view of the case in returning a verdict for a degree of homicide as low as manslaughter.

By inadvertence the judgment of the court below is omitted from the transcript, but this Court, *ex mero motu,* sent down an *instanter certiorari* to perfect the record in this particular. *State* v. *Preston*, 104 N. C , 733.

No Error.