63 So.2d 898

## TERRY v. STATE.

### 2 Div. 833.

Court of Appeals of Alabama.

Jan. 20, 1953.

Rehearing Denied Feb. 10, 1953.

T. G. Gayle and John W. Lapsley, Selma, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Jr., Asst. Atty. Gen., for the State.

**HARWOOD, Judge.**

This appellant stands convicted under an indictment charging the larceny of two calves.

This case arose out of the same incidents as did the case of Cromer v. State, Ala.App., 60 So.2d 379, and the facts of both cases are of such substantial sameness, so far as review is concerned, we will refrain from stating the facts again.

This appellant was one of the five men mentioned in the Cromer case, supra, who went to the place where the cattle truck had turned over. The State's evidence presented in this case also tended to show that he was one of the three men observed in a pasture near the wreck, and who fled when discovered.

The State also introduced in this case a statement by appellant which, in light of the other evidence, was confessory in nature.

Appellant's counsel contend that the court erred in the trial below, in refusing two charges requested by appellant in reference to a possible verdict of guilty of an attempt to commit larceny, the court having omitted in its oral charge to instruct the jury as to attempt.

One of these charges, No. 40, was refused without error in that it is not predicated upon the evidence.

Charge 39 is as follows:

"39. I charge you Gentlemen of the Jury that said indictment has embraced therein the crime of and attempt to commit Grand Larceny and if after hearing all the evidence you are not satisfied that the offense of Grand Larceny was committed you may under this indictment find the defendant guilty of an attempt to commit Grand Larceny."

Appellant's counsel contends that the refusal of this charge was erroneous because the evidence as to the element of asportation was such that: "The jury might reasonably have inferred or concluded that there was, as contemplated by the statute, an attempt to steal these calves which was prevented by the appearance on the scene of Mr. Sherrer, the owner, who flushed or frightened the would be thieves who fled—leaving two calves only partially tied"—

In this connection the evidence presented by the State tended to show that the appellant was "among the calves" after the wreck. Some calves were seen to fall. When the owner appeared upon the scene it was discovered that one calf had been tied to a fence, and another had had its front feet hobbled.

The appellant did not testify in the trial below, nor was any evidence offered which tended to contradict the State's case in its main and real aspect.

In Cromer v. State, under substantially the same facts, we concluded that under the doctrine of our decisions, notably Croom v. State, 71 Ala. 14, and Kemp v. State, 89 Ala. 52, 7 So. 413, the evidence was sufficient to establish the required element of asportavit.

The evidence in this case therefore being sufficient to establish the asportavit (all other elements of larceny being present) the appellant was, under all the evidence, either guilty of larceny, or not guilty. There was no evidence upon which the court could properly have submitted the

question of attempted larceny to the jury. See De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130.

■ The facts tending to establish the asportavit being without dispute, it was the function of the court to determine whether such acts constituted larceny.

Charge 39 was in our opinion properly refused.

■ Counsel for appellant further contend that error resulted from a ruling by the court overruling defendant's objection to a question propounded by the Solicitor on direct examination to State's witness Lewis Owen.

Owen had testified that he had ridden to the scene of the wreck with the appellant, in appellant's automobile, and he further testified as to appellant's activity at the wreck.

He then testified, without objection, that he had next seen one Tacket, a coconspirator with appellant in the commission of the charged offense, in Uniontown, during the next morning, and that at this time Tacket was in a truck.

The record then shows the following:

"Q. Do you know whether that kind of body is suitable for hauling cows?

"Mr. Gayle: We object. Not part of the res gestae. Some four or five hours after.

"Mr. Sledge: He testified they were all down there, and here is a man that goes off and comes back with a truck. Now, I am asking him whether that truck was suitable for hauling cattle.

"The Court: Over-rule.

"Mr. Gayle: We except. Let me ask: did not he say the next time he saw him he was at the filling station?

"Mr. Sledge: Yes.

"Mr. Gayle: That was five hours later, and I object.

"The Court: Yes, sir, and you have an exception.

"Q. What time did you see him with the truck? A. It was nine or ten o'clock.

"Q. That was in the morning? A. Yes, sir.

"Mr. Gayle: We renew our objection.

"The Court: Over-rule.

"Mr. Gayle: We except.

"Q. Did you notice the sides of that truck? A. I could see it had a stake body on it.

"Q. What do you mean? A. The sides.

"Q. Is that high sides made of stakes? A. Yes."

A reading of this excerpt from the record shows that the question to which the objection was interposed was never answered after the colloquy between counsel and court, ensuing after the question was propounded. No error can therefore be predicated on this ruling.

After a study of this record it is our conclusion that it is free of error probably injurious to the substantial rights of this appellant, and this cause is due to be affirmed.

Affirmed.