DeCARLO, Judge,
dissents.
The majority opinion holds that the appellant’s possession was “imperfect” and his control was “qualified.” It states that the appellant’s possession was never “perfected” and he never gained control of the register. In Thompson v. State, 94 Ala. 535, 10 So. 520 (1891), the Supreme Court of Alabama defined larceny as:
“[A] felonious taking and carrying away of personal property. There must be such a caption that the accused acquires dominion over the property, followed by such an asportation or carrying away as to supersede the possession of the owner for an appreciable period of time.” [Emphasis added]
In Phelps v. State, 6 Ala.App. 58, 60 So. 537 (1912), the court gave meaning to the expression “an appreciable period of time." There it determined that “appreciable” meant:
“[N]o more than that time which, though short, is yet actual, and long enough to be capable of being appreciated or ascertained.”
Sue Smith, a witness to the occurrence, appreciated and ascertained that appellant gained control of the register for a moment of time. Ms. Smith testified that appellant “just picked it up.” Further, she said the appellant had removed the front end of the register from the counter.
Also, the court in Phelps, supra, stated: “[I]t makes no difference, so far as these essential elements going to constitute the crime of larceny are concerned, how short the duration of the time of such dominion over the property, or how short the distance of removal.”
But for the intervening acts of the store-owner, appellant’s dominion would have been complete and his control “perfect” for all time. The fact that his control and dominion were brief does not negate their existence.
*936 The Alabama Supreme Court in Blakeney v. State, supra, observed:
“The severance of the possession of the owner and the actual possession of the wrongdoer may be but for a moment; the length of time they continue is not important; but, as appreciable facts, they must exist.”
Although the appellant had taken only three corners of the register off the counter when he picked it up, he, for that brief moment, had complete and exclusive dominion and control over the cash register. At that point, the severance was complete for an “appreciable time” and the offense was committed.
In accord with the foregoing, the court in Johnson v. State, 41 Ala.App. 351, 132 So.2d 485 (1961), stated:
“It is immaterial how short the distance moved or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer.”
Also, in Tucker v. State, 50 Ala.App. 405, 279 So.2d 576 (1973), this court observed:
“The least removing of the thing taken from the place where it was before, with intent to steal it, is a sufficient asportation to constitute larceny even though the property is not quite carried off.” [Emphasis added]
Thus, the fact that appellant did not completely remove all four corners of the cash register is immaterial.
In a recent case, Mauldin v. State, supra, Judge Bookout writing for this court, stated the law of larceny in the following:
“To constitute larceny, there must be a severance of the possession of the owner and an actual possession by the wrongdoer. When the wrongdoer obtains at some moment complete and exclusive dominion and control of the chattel, the taking is complete. Such severance of possession by and actual possession in the wrongdoer may be but for a moment. The length of time is unimportant.. . . Furthermore it is immaterial how short the distance the chattel was moved for slight asportation will be deemed sufficient to support a conviction of larceny.” [Emphasis added and citations omitted]
The store owner testified that at the time the appellant “grabbed” the register, he, the store owner, was not touching it and the appellant had moved the register “six to twelve inches.” There is nothing in the record to indicate that the cash register was chained or otherwise attached to the counter.
Under the facts presented, the evidence was sufficient for a jury reasonably to infer the appellant’s guilt, and in my judgment, the trial court properly overruled the appellant’s motion for a new trial.
For the foregoing reasons, I respectfully dissent.