BERRY *v.* STATE.

Opinion delivered April 1, 1912.

1. CARRIERS—WAY-BILL DEFINED.—A way-bill is a document containing a description of, and the shipping directions for, goods transported by a common carrier on a land route. (Page 156.)

2.  LARCENY—EVIDENCE.—In a prosecution for larceny of articles from a freight car, it was competent to admit in evidence the way-bill to prove the contents of the car, in the absence of any question as to the genuineness of the way-bill, or as to whether it was issued in due course of business.  (Page 156.)

Appeal from Miller Circuit Court; *George W. Hays*, Judge on exchange; affirmed.

### STATEMENT BY THE COURT.

Appellants, Berry and Props, were jointly indicted for the crime of stealing thirty-six quarts of whisky alleged to be of the value of thirty-six dollars, and the property of the St. Louis, Iron Mountain & Southern Railway Company.

A witness testified that he was foreman of the Iron Mountain transfer shed.  He checked a car that contained some whisky about the time this crime is alleged to have been committed—the day after.  He checked the car by the way-bill and found "ninety-four cases in the car, and six cases short."  The appellants objected to this testimony because there was no evidence that the whisky was ever shipped from any where or that a bill of lading was ever signed.  He objected "to the witness's testimony because he has no knowledge about the way-bill or the bill-of-lading, or as to whom it was shipped, or from whom."  The court overruled the objection, and appellants excepted to the ruling.

The witness further testified that when he went to the car to check it he found the seal off.  The cases containing the whisky had a Hill & Hill brand.  On the bottom of the label it said: "Bottled specially for G. L. Crouch, Lumpkins, Texas."  He checked freight, and had the general running of the shed.  He had way-bill when he was checking car.

The appellants objected to the above testimony for the same reason given above.  The court overruled the objection, and appellants excepted.

There was testimony tending to prove that when the car alleged to contain the whisky came in from the North to Texarkana the seals had not been broken.  There was testimony tending to prove that a house occupied by appellants was searched for whisky after the alleged larceny, and twenty-nine quarts were taken from the house, all Hill & Hill brand except one.  There was testimony to the effect that when the

officers went to search the house occupied by the appellants, two officers went up on the porch. The search warrant was read to appellant Berry, and he said: "Go ahead." The officers went into the house, and Berry ran out back way. At that time he had not been informed that there was a warrant for him, and had not been arrested. Props was not arrested at that time.

Appellants objected to the testimony showing that whisky was found in their possession after the alleged larceny, on the ground that it has not been shown that the whisky had been stolen. They also objected to the testimony showing that Berry ran off, and was brought back while the house was being searched.

The appellants were convicted, and each sentenced to one year in the penitentiary. They have duly prosecuted this appeal.

*John F. Simms,* for appellants.

There is no competent proof that a larceny was committed. The way-bill was inadmissible, and oral testimony as to the facts stated in the way-bill was equally incompetent. The State should have introduced the shipper or holder of the original bill of lading, and not the mere forwarding papers in the shipment. 46 So. 470.

*Hal L. Norwood,* Attorney General, and *William H. Rector,* Assistant, for appellee.

The *corpus delicti* need not be proved by direct and positive evidence. It is sufficient if the facts and circumstances are enough to authorize the inference by the jury that the crime has been committed. The *corpus delicti* is purely a question of fact, and when passed upon by the jury under proper instructions, if there is any testimony which will warrant their finding, this court will not interfere. 74 Ark. 720; 46 So. 470; Wigmore on Ev., §§ 2072, 2080, 2082.

WOOD, J., (after stating the facts). The testimony of the witness whose duty it was to handle and check freight of the St. Louis, Iron Mountain & Southern Railway Company on its arrival in the cars at Texarkana was competent. He testified that he checked the car containing the whisky alleged to have been stolen, and that he found ninety-four cases in the

car and six cases short. He checked the car by the way-bill. There was other testimony tending to show that the car containing the whisky was sealed when it arrived at Texarkana, and that the seals were broken after its arrival there. This testimony, in connection with the other testimony, was competent for the purpose of showing that six cases of whisky had been taken from the car after its arrival at Texarkana.

Appellants contend that the witness could not testify that he checked the car by the way-bill. They did not base their objection to the testimony in the court below, nor does he contend here that the testimony was incompetent because the way-bill was simulated. They raised no objection in the trial court, nor do they raise any here, to the genuineness of the way-bill. Their contention is that the testimony was incompetent for the reason that the way-bill was not shown to have been made by the witness or to have been correct within his personal knowledge. They contend that the way-bill itself was "clearly inadmissible," and that "oral testimony as to the facts stated in the way-bill would be equally as incompetent." But this contention is not sound.

"A way-bill is a document containing a description of, and the shipping directions for, goods transported by a common carrier on a land route." Webster's Dictionary; 30 Am. & Eng. Ency. Law, p. 440.

Therefore, if the way-bill was genuine, it would show the list of goods contained in the car from which the whisky is alleged to have been stolen, and would give the shipping directions for such goods. In other words, it would show the quantity of goods shipped and the consignor and consignee of such goods.

In *Adams* v. *Coulliard,* 102 Mass. 167-173, it was held that entries in railroad freight books were admissible in evidence, although it did not appear that the persons who made out the way-bills from which some of the entries were made were called as witnesses. In that case the court said: "Inferences of fact are always to be drawn from the known course of business."

In the case of *Donovan* v. *Boston & Maine Railroad,* 158 Mass. 450, the Supreme Court, in holding that a "train sheet" was competent evidence, said: "In our opinion, because there

is no reasonable possibility that any designed untruth had part in placing upon the train sheet the statement of which it is the vehicle, and all known circumstances concerning it favor its accuracy, and because it was an act rather than a declaration, and was sufficiently identified and genuine, it was competent evidence without the production or proof of the death of the operator who sent the messages."

The court further said: "The train sheet, with its entries and the messages from which they were made, were acts, rather than declarations, and acts done before any controversy had arisen, when all concerned had no interest except to know and to state the truth."

If the appellants had objected to the testimony because the way-bill was not shown to be genuine, or made by the servants of the railway company in the regular course of business, then the burden would have been upon the State to show that the way-bill was genuine, before it could have adduced the same in evidence.

The attention of the trial court was not called to any failure upon the part of the State to prove the authenticity of the way-bill by which the witness testified that he had checked the car and found the whisky short. Had the attention of the court been directed to this matter by objection, the State would have had the opportunity to show, and might have been able to show, that the way-bill was made in the due course of business. This must be taken as established since it has not been questioned.

The appellants rely upon the case of *Perry* v. *State*, 46 So. 470, where the Supreme Court of Alabama holds that it was error to allow a witness to testify that he checked the goods in the car and found them short by comparison with the way-bill. In that case the court said: "There was no proof that the way-bill contained a list of the goods that were placed in the car at the place of shipment, nor even that the bill of lading had ever been signed by any one."

The case is exactly in point, but we are of the opinion that the reasoning upon which it is based is unsound. A way-bill is not signed, and there does not have to be any evidence *aliunde* that a way-bill contains a list of the goods that are placed in a car, for a "way-bill," in railway terminology, must

necessarily contain a list of the goods shipped; the very term implies that.

There was evidence to support the verdict, and, there being no error, the judgment must be affirmed.