CLINTON v. NOTHERN.

Opinion delivered November, 8, 1915.

1. EVIDENCE—SHIPMENT OF FREIGHT—WEIGHT.—A contract for the sale of cotton seed meal provided that the weight was guaranteed at the destination. *Held,* evidence of the weight of the shipment, at a point along the route, and at the destination was admissible, the shipment turning up short at destination.

2. EVIDENCE—FREIGHT—WEIGHTS.—Where it was the duty of the weigher of a railway company to weigh shipments of freight, and record the same in a scale book, the agent of the railway company may testify to the same, although the record was not made by him.

3.  EVIDENCE—CONTEMPORANEOUS ENTRIES—SPECIFIC OBJECTION.—When a specific objection was not made at the trial to the introduction of certain record entries, on the ground that they were not contemporaneously made, an objection thereto can not be urged on appeal.

Appeal from Pulaski Circuit Court; Third Division; *G. W. Hendricks,* Judge; affirmed.

### STATEMENT BY THE COURT.

W. C. Nothern brought this suit in the justice court to recover for a shortage in weight of five tons, in a shipment of cotton seed meal purchased from appellants, and recovered in that court, and an appeal was taken to the circuit court.

The testimony shows that Nothern bought on Oct. 20, 1911, from appellants, doing business as the Twin City Investment Company at Dardanelle, Arkansas, for shipment, 100 tons of cotton seed meal in 100 pound sacks at $23.25 per ton, and the written contract therefor contains the stipulation "weights and quality guaranteed at destination."

Under the contract he directed appellants to ship 600 sacks, 30 tons, on Oct. 28th and to see that the bill of lading read exactly as follows: "Received of W. C. Nothern, Open to W. C. Nothern. Destination, Battle Creek, Mich.; hold at Galesburg, Mich.; Route via. D. O. & S. R. I., Clover Leaf and M. C.; insert rate, 23½c cwt. Prepay freight? Yes. Marks, Bartlett's tags."

The car was loaded by appellant with the 600 sacks of 30 tons weight, according to their testimony and billed according to the directions.

The bill of lading contained the statement: "Consigned to W. C. Nothern. Destination, Battle Creek, Mich.; hold at Galesburg, Mich.; 600 sacks C. S. meal, weight subject to correction." At the bottom, "Twin City Investment Company, Shipper."

The car was sealed and shipped and was weighed at Little Rock, the first track scales of the railway company over which it passed and the recorded weight showed it 10,000 lbs., or five tons short. Upon arrival at Galesburg, with the seals upon the car doors intact,

twenty tons were taken out and the car sent on to Battle Creek, where it was discovered that only five tons remained for unloading.

The appellant paid the draft for the thirty tons of meal upon it being sent to the bank in accordance with his directions, and collected for the thirty tons from the consignee and afterwards refunded to the consignee the price for the five tons shortage, not contained in the car. The railway company refunded to the appellants after weighing the car at Little Rock, the difference in freight or the amount of freight paid on five tons shown by its weight not to be contained in the car.

The freight agent of the railway company at Little Rock testified relative to the weight of the car from the scale book made by the weigher, at the time of weighing the car, whose duty required him to make the entries and records and deliver them to the agent, the same weigher not being then in its employ. This testimony was objected to because the agent did not weigh the car himself, nor make the entries of the weight in the record book and all the testimony relative to the weight of the car after it was loaded at Dardanelle was objected to, appellants contending that the weight of the shipment at that point was conclusive.

The court instructed the jury to find for the defendants if it believed they delivered to the railroad company at Dardanelle 600 sacks of cotton seed meal of 100 pounds each, and the bill of lading therefor was made out to the plaintiff and shipped subject to his order, but if they found that defendants did not deliver to the plaintiff at Dardanelle such quantity of cotton seed meal, to find for him and assess the damages, basing the verdict upon the price per ton paid upon the difference between the quantity contracted for and the amount actually delivered at that point.

The jury returned a verdict for the plaintiff and from the judgment thereon this appeal is prosecuted.

*June P. Wooten,* for appellants.

1.   The jury were correctly instructed that if the meal was delivered to the railroad company at Dardanelle, bill of lading issued to appellee, and it was shipped subject to appellee's order, this was a delivery to appellee. 105 Ark. 53; 91 Ark. 422; 90 Ark. 161; 78 Ark. 123; 44 Ark. 556; 79 Ark. 456; 83 Ark. 426; 92 Ark. 111.

After the shipment was delivered to appellee and was accepted and paid for by him, appellants had no further connection with the shipment, and if there was a loss or shortage after the shipment left Dardanelle, such loss was one for which the railroad company was liable, and not the appellants. *Supra;* 35 Cyc. 343; 118 Ga. 424; 45 S. E. 379; 11 Ky. Law Rep. 138.

2.   Any testimony relating to the weights of the shipments after the car left Dardanelle was incompetent, and ought to have been excluded. 20 Col. App. 257; 78 Pac. 308.

*Thos. T. Dickinson,* for appellee.

There is no merit in the contention that there was a delivery of the shipment to the appellee at Dardanelle so as to make the railroad company liable for any loss or shortage in weight. Not only did the railroad company receive the consigment "weight subject to correction," as appears by the bill of lading, but the contract specifically stipulates *"Weights and quality guaranteed at destination."* By this contract appellants obligated themselves to deliver a certain amount of meal of a stated quality *at the point of destination.* 53 N. J. L. 617; 79 Ark. 351; 90 Ark. 163; 105 Ark. 57; 19 Ore. 571; 24 Pac. 989; 111 Ark. 521.

KIRBY, J., (after stating the facts). (1) It is contended that the court erred in permitting the introduction of testimony showing the weight of the shipment of meal at any other place than Dardanelle, where it was delivered to the railroad company. This contention is without merit however, for the written contract of sale of the cotton seed meal expressly provides that the weights

and quality are guaranteed at destination, and it certainly could not be held that the point of origin of the shipment, Dardanelle, Ark., was the destination thereof, when the bill of lading expressly stated "Destination Battle Creek, Mich.; hold at Galesburg, Mich."; because the bill of lading recited the shipment was received from W. C. Nothern and consigned to his order and it showed also, at the bottom that the Twin City Investment Company was the shipper.

The contract shows that the cotton seed meal was to be shipped from Dardanelle, and the price was made f. o. b. the cars there. The testimony shows that the weight of the car at Little Rock disclosed a shortage of five tons, that it arrived at Galesburg with the seals intact, where twenty tons were removed, and that it contained but five tons more upon reaching Battle Creek, with no indication of displacement or removal of contents since the unloading at Galesburg.

The appellee had the right to show the weight of the shipment at the point of destination where the contract guaranteed the weight and quality and this was done to the satisfaction of the jury by the testimony introduced, notwithstanding the court's instructions to the jury were more favorable to appellants than they were entitled to.

(2) The contract of carriage recites "weight subject to correction" and we do not think the court erred in allowing the weight of the car at Little Rock to be shown as it was. Of course if the weighing disclosed a shortage there, it would conduce to prove that the amount charged for was not shipped to the destination, and neither do we think there was error in permitting the agent of the railway company to testify about the weight of the car from the records made by the weigher in the scale book, because the entries had not been made by himself. It was shown that it was the duty of the weigher to weigh the cars and to record the weights thereof in the record book, which was required to be delivered to the agent and that the freights were charged and adjusted

according to the records so made. *Berry* v. *State,* 103 Ark. 153.

(3)    There was no objection below to the introduction of such record, because the entries were not shown to have been contemporaneously made with the weighing of the car and such specific objection not having been made there, it will not avail here. *Railway* v. *Murphy,* 60 Ark. 342.

The jury found in appellees favor as already said, upon the question of fact, and under instructions more favorable to appellants than they were entitled to, under the law.

We find no prejudicial error in the record, and the judgment is affirmed.