# Perry *v*. The State.

*Larceny.*

(Decided April 22, 1908.  46 South. 470.)

1. *Criminal Law; Corpus Delicti; Proof.*—The corpus delicti may be established by circumstantial evidence affording an inference that the crime has been committed, and its sufficiency is for the jury.

2. *Larceny; Evidence.*—In the absence of proof that a way bill contained a list of the goods that were placed in the car at the place of shipment or that the bill of lading had ever been signed by any one, it was error to permit it to be shown that the goods in the car were checked and found to be short by a comparison with the bill of lading or way bill.

3. *Same.*—Where the charge was the taking of certain caddies of tobacco from a freight car, it was permissible to show that the defendant had in his hands a tobacco box while coming from the direction of the yard where the car was on the night of the alleged larceny; that he asked if anyone had seen him and told a witness that he would give her a dollar not to say anything about it; that defendant was seen with some boxes of tobacco on the same evening and that he placed them under a house where the same quantity and kind of tobacco were subsequently found, as incriminating circumstances.

APPEAL from Dallas Circuit Court.

Heard before Hon. B. M. MILLER.

Morgan Perry was convicted of larceny and he appeals. Reversed and remanded.

H. F. REESE, for appellant. Counsel discusses assignments of error but without citation of authority.

ALEXANDER M. GARBER, Attorney-General, for the State. The amount of the tobacco missing was proper to be shown.—*Sheppard v. The State*, 94 Ala. 102. The testimony tending to show possession by defendant of the stolen goods as well as quasi confession was admissible.—*Busch v. The State*, 136 Ala. 85; *Smith v. The State*, 133 Ala. 145.

SIMPSON, J.—The appellant was indicted and convicted, on the charge of grand larceny, for stealing five caddies of chewing tobacco from a car of the Southern Railway Company. The transfer clerk of said railway company testified that, when he examined the car, the seal was broken and there was no lock on the door; that amongst other freight there were two kinds of tobacco in said car, to wit. "Red Jay" and "No. 10" tobacco; that said "Red Jay" was nailed together, by strips, in packages of five boxes each. The witness was permitted, against the objection of the defendant, to testify that he "checked the freight" in said car, and that it "checked up

short" to the amount of five boxes of "Red Jay" tobacco and some of the "No. 10." The witness explained that by "checking up" he meant that he compared the contents of the car with a waybill purporting to be a statement of the original contents of said car, when it was shipped from some point in North Carolina; that said waybill appeared to have been correctly checked at Atlanta, but he had no knowledge as to whether the tobacco was actually placed on the car in North Carolina, nor whether it was in the car when it left Atlanta, but merely took the waybill as it came to him.

While it is true that the burden rests upon the state to prove the corpus delicti, and unless the state has shown, prima facie, that a larceny has been committed, the defendant is not put upon proof, and that the corpus delicti may be proved by circumstantial evidence, and if the evidence adduced affords an inference that a larceny has been committed the question of its sufficiency is for the jury (*Smith v. State,* 133 Ala. 146, 150 151, 31 South. 806, 91 Am. St. Rep. 21), yet the circumstances must be proven by legal evidence. There was no proof that the waybill contained a list of the goods that were placed in the car at the place of shipment, nor even that the bill of lading had ever been signed by any one. Hence it was error to allow the witness to testify that he checked the goods in the car and found them "short" by comparison with the supposed bill of lading. The facts testified to by the witness Emily Horan—that the defendant, while coming from the direction of the "yard" where the car was (on the night when it is claimed the goods were taken), had in his hand a tobacco box; that he asked if any one had seen him, and told witness not to say anything about it, and he would give her a dollar—are material circumstances which were properly allowed to go to the jury. So, likewise,

the court properly admitted the testimony of Genie Lane, Carrie Griffin, and J. B. Blanton, showing that the defendant was seen with some boxes of tobacco on the evening when the offense is claimed to have been committed, that he placed them under Carrie Griffin's house, and that five caddies of Red Jay tobacco, nailed together by a strip, were found under said house.

The judgment of the court is reversed and the cause remanded.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.