# Phelps *v.* The State.

## *Larceny.*

(Decided December 17, 1912. 60 South. 537.)

· 1. *Larceny; Elements; Asportavit.*—Where there has been an actual wrongful custody, control and asportation by the defendant, the duration of the time of dominion over the property, or the distance of removal is not material.

2. *Same; Evidence.*—The evidence examined and held sufficient to support a conviction for larceny.

· 3. *Appeal and Error; Finding of Jury; Conclusiveness.*—The credibility of the testimony is a matter within the province of the jury, and the finding thereon is conclusive where there is sufficient evidence to authorize a conviction.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Watkins Phelps was convicted of grand larceny, and he appeals. Affirmed.

The evidence of the night watchman was that he was on watch for the Virginia-Carolina Chemical Company on the night of March 21, 1912, and that he was in the office about 12 o'clock that night, talking to a person, and that he left the office and started on his rounds, and met the defendant at the end of the building coming towards the office, and he asked the defendant, "Who is that?" and he answered, "This is Watkins," and he then asked the defendant what he wanted, and defendant answered that he had come to see about getting home fertilizer, and he put the defendant under arrest, and he found that 14 sacks of cotton seed meal had been moved from inside the warehouse and piled just outside the door, and that defendant admitted that he had piled them there; some being inside and some outside the door. ·

[Phelps v. The State.]

The court charged the jury as follows: "It is not every taking and carrying away or conversion that constitutes larceny. There must be at the time a felonious intent, else the taking and conversion is but a civil wrong. Likewise, in order to constitute larceny, there must be a severance of the possession of the owner, and actual possession by the wrongdoer. Though this severance need be only for a second, it must exist. To constitute the crime of larceny, it is not sufficient that the accused had control of the article, or that he had the power to remove it; but there must have been an asportation of the thing alleged to have been stolen, and no matter how short the distance removed, or short the time he had dominion over it, still it may constitute larceny, if there exists a severance of the possession of the owner, and an actual possession and removal by the accused."

DICKINSON & DICKINSON, for appellant. The court erred in its oral charge.—*Moulton v. The State,* 105 Ala. 18; *Thompson v. The State,* 94 Ala. 535; *Emmons v. The State,* 70 Ala. 8; *Wollf v. The State,* 41 Ala. 412.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The credibility of the testimony was for the jury, was sufficient to sustain the finding and, hence, will not be reviewed.—*Kemp v. The State,* 89 Ala. 52; *Shepherd v. The State,* 94 Ala. 102.

PELHAM, J.—The oral charge of the court, taken as a whole, is correct, and was not calculated to mislead the jury, or prejudice the rights of the defendant. That part of the oral charge of the court to which an exception was reserved is free from error. In effect, the court

charged in this portion of its oral charge that if the dominion assumed over the property alleged to have been stolen is complete, and the accused has assumed actual custody and control, and there has been an actual asportation by the accused party, it makes no difference, so far as these essential elements going to constitute the crime·of larceny are concerned, how short the duration of the time of such dominion over the property, or how short the distance of removal. This was but a fair and correct statement of the law.

. The expression "an appreciable period of time," as used in this connection in the opinion rendered by Justice Walker in the case of *Thompson v. State,* 94 Ala. 535, 536, 10 South. 520, 521 (33 Am. St. Rep. 145).. cited by appellant, means no more than that time which, though short, is yet actual, and long enough to be capable of being appreciated or ascertained. The excerpt from the oral charge of the court in this case, to which an exception was reserved, is not in conflict with what was said in *Thompson's Case, supra,* but is in harmony with the rule there stated to be correct.

The evidence of the night watchman, Bob Jones, if believed—and the credibility to be placed upon his testimony was entirely a question for the jury—was sufficient to authorize a belief by the jury of the defendant's guilt of the crime charged. The court properly refused the general charge requested by the defendant, and submitted the case to the jury.

There is no error in the record.

Affirmed.