(88 South. 185)

## WRIGHT v. STATE. (6 Div. 747.)

(Court of Appeals of Alabama. Dec. 7, 1920.)

1. RECEIVING STOLEN GOODS ☞8(2)—USE OF WAYBILL IN CHECKING FREIGHT HELD ADMISSIBLE IN EVIDENCE.

In a prosecution for receiving stolen property, where witness testified that he checked freight out of cars and that on one occasion he checked certain goods out of a certain car from a waybill, the goods coming in from Cincinnati, the bill having been made out there, but did not attempt to testify as to the correctness of the bill, the mere fact that he used it for checking purposes was competent, especially where there was no contention by the state that the goods alleged to have been stolen were taken from this car but from a car to which the goods were claimed to have been transferred.

2. WITNESSES ☞37(2)—TESTIMONY OF WITNESS HAVING NO INDEPENDENT KNOWLEDGE OF FACTS HELD IMPROPERLY ADMITTED.

Testimony of a witness who had no independent knowledge of the facts, being predicated on a waybill that he did not make nor know anything about, should have been excluded.

3. WITNESSES ☞37(2) — TESTIMONY AS TO RECORD MADE BY WITNESS COMPETENT.

It was competent for a railroad employee to testify as to his seal record concerning a certain car, he having first testified that he made the record himself.

4. RECEIVING STOLEN GOODS ☞8(3), 9(1)—CORPUS DELICTI MAY BE PROVEN BY CIRCUMSTANTIAL LEGAL EVIDENCE, AND QUESTION OF SUFFICIENCY IS FOR JURY.

The corpus delicti in a prosecution for receiving stolen goods may be proven by circumstantial evidence, and if the evidence adduced affords an inference that a larceny has been committed the question of its sufficiency is for the jury, but the circumstances must be proven by legal evidence.

5. RECEIVING STOLEN GOODS ☞8(3)—TESTIMONY HELD IMPROPER.

Testimony of witness that he sent some flour to a Central of Georgia car on a truck, and that this truck returned empty, was not admissible to show that the flour was ever in the possession of the Central of Georgia Railroad in a prosecution for receiving stolen goods.

6. RECEIVING STOLEN GOODS ☞8(3)—POSSESSION OF SIMILAR GOODS NOT EVIDENCE THAT THEY WERE STOLEN.

The fact that goods of general character of those alleged to have been stolen were found in the possession of defendant in a prosecution for receiving stolen goods does not tend to show that they were stolen.

7. RECEIVING STOLEN GOODS ☞8(3)—UNEXPLAINED POSSESSION NOT EVIDENCE THAT LARCENY WAS COMMITTED.

The unexplained possession by one person of goods belonging to another does not raise the presumption that a larceny has been committed, and that the possessor is a receiver of stolen goods, additional evidence being necessary to establish a corpus delicti.

8. RECEIVING STOLEN GOODS ☞8(3) — EVIDENCE HELD INSUFFICIENT TO SHOW THEFT.

In a prosecution for receiving stolen goods alleged to have been taken from railroad cars, evidence held insufficient to show that there was any theft of goods from any one.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Claude Wright was convicted of receiving stolen property, and he appeals. Reversed and remanded.

Denson & Ivey, of Birmingham, for appellant.

The court erred in admitting the testimony of Sternburg, Hose, and Drake. 17 Ala. 451; 54 Ala. 520; 81 Ala. 20, 1 South. 577; 106 Ala. 1, 17 South. 328; 112 Ala. 1, 21 South. 214; 155 Ala. 93, 46 South. 470. The evidence was not sufficient to show the corpus delicti, and the defendant was entitled to an instructed verdict. 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; 135 Ala. 60, 33 South. 685; 15 Ala. App. 569, 74 South. 395; 7 Ala. App. 144, 62 South. 270; ante, p. 475, 86 South. 140; ante, p. 550, 86 South. 143.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Counsel discuss assignments of error relative to evidence, and insist that no proper objection was interposed, and that motion to exclude came too late. 86 South. 89; ante, p. 421, 84 South. 871. There was conflict in the evidence, and the question of the corpus delicti was one for the jury. 104 Ala. 78, 16 South. 82; 150 Ala. 101, 43 South. 204; 16 Ala. App. 546, 79 South. 803.

MERRITT, J. The defendant was indicted under sections 6417, 7324 and 7329, of the Code of Alabama (1907), and was convicted under the fifth count of the indictment, charged with buying, receiving, or concealing stolen property, drawn under section 7329 of the Code, and was sentenced to imprisonment in the penitentiary for a minimum term of three years and a maximum term of five years, from which judgment and sentence the appeal is prosecuted.

[1] The witness Sternberg testified that he checked freight out of cars for the Louisville & Nashville Railroad at Birmingham; that on one occasion he checked certain goods out of a Louisville & Nashville car from a way bill, the goods coming in from Cincinnati, the bill having been made out there. The witness did not attempt to testify as to the correctness of the bill, and

of course, the mere fact that he used it for checking purposes was competent. Moreover, there was no contention by the state that the goods alleged to have been stolen, were taken from this car, but from a Central of Georgia car to which the goods were claimed to have been transferred.

The witness, Claude Hose, a witness for the state, testified on direct examination among other things:

"But I do know I put 'that particular flour on a truck and that he went in the direction of this Central of Georgia car, and he brought the slip back and the truck was empty."

On redirect examination he testified:

"I sent this flour over there, but I don't know—I sent flour over there. I knew it was flour when I sent it over there and I sent it to that car."

On recross he testified further as follows:

"I check flour every day. We send flour over to the Central of Georgia every day. * * * I don't remember what kind of flour it was; I have no independent recollection about that flour I am testifying about, no more than the waybill shows. I did not make that waybill, had nothing to do with making it, and I don't know who made it, nor where it was made. I don't know whose flour it was. I have no independent recollection at all concerning that. I don't have any independent recollection about what I am testifying, no more than the waybill shows, that is all I have."

[2] It clearly appears from the above that the testimony of this witness should have been excluded. He had no independent knowledge of the facts, but what he said was predicated on a waybill that he did not make, nor did he know anything about. Perry v. State, 155 Ala. 93, 46 South. 470.

[3] It was competent for the witness Drake to testify as to his seal record concerning the car in question, he having first testified that he made the record himself.

[4] We have given the most careful consideration to all of the testimony in this case, and are driven to the conclusion that the general affirmative charge as requested by the defendant should have been given as to count 5, the count upon which he was convicted. We are not unmindful that the corpus delicti may be proved by circumstantial evidence, and if the evidence adduced affords an inference that a larceny has been committed the question of its sufficiency is for the jury (Smith v. State, 133 Ala. 146, 31 South. 806, 91 Am. St. Rep. 21), yet the circumstances must be proven by legal evidence (Perry v. State, supra). The state sought to show that the goods were stolen from a Central of Georgia Railroad car, alleged in said fifth count of the indictment to be the personal property of Walker D. Hines, Director General of the Central of Georgia Railroad Company, a corporation. We put out of view the question as to whether the ownership of the goods was correctly laid in the Director General of Railroads.

[5] We find from the testimony that practically the only evidence that tends to show that the goods were ever in the custody, possession, or control of the Central of Georgia Railroad, was that of the witness Hose, who, in substance testified that he sent some flour in the direction of the Central of Georgia car on a truck, and that this truck returned empty. Under our conception of the law, this testimony was improperly allowed, as indicated above. The only other testimony that in the remotest degree tended to show that the goods, or any part of them, went to the Central of Georgia car, was that of the witness Sternberg, who testified, speaking of some items checked but not enumerating them: "I sent them to the car." And further:

"When I sent that man to car 3 with shoes I gave him a ticket. I could not say whether the man went in the direction of No. 3. I suppose he did; that is my best recollection that he did. * * * They bring back the ticket to show—I don't remember him bringing the ticket back to me at that time; I have no recollection at all about that. I don't remember him coming back."

[6, 7] The fact that goods of the general character of those alleged to have been stolen were found in the possession of the defendant does not tend to show they were stolen. "The unexplained possession by one person of goods belonging to another does not raise the presumption that a larceny has been committed and that the possessor is a thief. Additional evidence is necessary to establish a corpus delicti." Orr v. State, 107 Ala. 35, 18 South. 142; Thomas v. State, 109 Ala. 25, 19 South. 403; Sanders v. State, 167 Ala. 85, 52 South. 417, 28 L. R. A. (N. S.) 536; Smith v. State, 133 Ala. 145, 31 South. 806, 91 Am. St. Rep. 21; Cohen v. State, 16 Ala. App. 522, 79 South. 621; Clisby v. State, ante, p. 475, 86 South. 140.

[8] The evidence not only fails to show a larceny from the Central of Georgia Railroad Company, but we think it may be truly said that it fails to show a larceny from any one. There is no evidence that those particular goods were placed in the Louisville & Nashville car at Cincinnati, and that they checked out short at Birmingham, or that they were in the car when it arrived at Birmingham. The fact that flour was checked from one car to another, which witnesses said was done almost every day, and this shown to have been done in the most general way; that some flour of a general shipment was placed on a truck and started in the direction of another railroad car, neither shows that the particular goods alleged to have been stolen were ever placed with the initial carrier, that they came to Birmingham, or

that they reached the Central of Georgia car, or that the goods were in fact stolen from anybody.

The evidence, we think, falls short of such facts and circumstances as to establish the corpus delicti, and for this reason, and the other error pointed out herein, the judgment of conviction is reversed, and the cause remanded.

Reversed and remanded.