56 So.2d 383

## COATES v. STATE.

### 6 Div. 309.

Court of Appeals of Alabama.
Jan. 15, 1952.

Matt H. Murphy, Jr., Birmingham, for appellant.

Si Garrett, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was tried under an indictment containing two counts, larceny of an automobile under the first count and buying, receiving, concealing, or aiding in concealing the said property under the second count.

The trial resulted in a verdict and judgment of guilty as charged under the second count of the indictment.

The effect of this finding was an acquittal under the larceny count. Jacobs v. State, 28 Ala.App. 585, 190 So. 295; Stuckey v. State, 28 Ala.App. 83, 180 So. 116.

All the witnesses who testified during the progress of the trial appeared at the call of the State.

According to this evidence J. A. Naul, the owner of the automobile in question, left the car in a used car lot or "sales lot" in the city of Birmingham, Alabama. This was on Friday.

It appears that Mr. Naul's brother contemplated buying the car, and the vehicle was left at the indicated place until the prospective purchaser could have his eyes treated at a hospital across the street from the storage place.

The automobile remained constantly at the lot until some time the following Sunday night. It was last seen by an employee

of the parking lot about 5 o'clock P.M. on this day. When he returned to work early Monday morning the car was missing.

About 2:30 A.M. on the same Monday the officers arrested the appellant while he was driving the automobile along the streets of Birmingham. The switch to the car had been "jumped." A man named Murphy was a riding companion of the defendant.

The appellant made two statements to the arresting officers. The voluntary nature of these confessions was not a question at the time of their introduction in evidence.

In one statement he said that he and Murphy took the car from the lot and drove it around the city until the arrest was made. In the other statement he claimed that Murphy took the automobile from the lot and picked him up on the street later.

As we view the record the only question which merits any discussion is the action of the court in refusing the general affirmative charge in defendant's behalf.

■ Appellant's attorney in brief poses the position that the corpus delicti was not established by the proof. It is well settled by the authorities that, before one can be convicted for receiving or concealing stolen property, it must be shown by the required measure of proof that the property in question was stolen. Latikos v. State, 19 Ala. App. 214, 96 So. 377; Jordan v. State, 17 Ala.App. 575, 87 So. 433; Sanders v. State, 107 Ala. 85, 52 So. 417, 28 L.R.A., N.S., 536.

■ It is not required that the corpus delicti be proved by direct proof. It may be established by circumstantial evidence. Rowe v. State, 243 Ala. 618, 11 So.2d 749; Moss v. State, 32 Ala.App. 250, 25 So.2d 700; Ratliff v. State, 212 Ala. 410, 102 So. 621.

The Supreme Court in Hill v. State, 207 Ala. 444, 93 So. 460, 462, pronounced this rule: "* * * it must be considered as settled that inconclusive facts and circumstances tending prima facie to show the corpus delicti may be aided by the admissions or confession of the accused so as to satisfy the jury beyond a reasonable doubt, and so to support a conviction, al-though such facts and circumstances, standing alone, would not thus satisfy the jury of the existence of the corpus delicti." See also, Ratliff v. State, supra; Rutland v. State, 31 Ala.App. 43, 11 So.2d 768.

In the instant case Mr. Naul, the owner of the automobile, did not testify. The evidence discloses that the car in question carried a Mississippi tag. It is reasonable to assume that Mr. Naul was not present at the trial because of his residence in another state.

Be this as it may, the State proved by the employee of the storage place that Mr. Naul left the automobile at the lot under the circumstances outlined above.

Appellant's attorney presses the point that there is no proof of nonconsent, and from aught appearing from the record Mr. Naul may have given his consent to the appellant or Murphy to take the automobile from the lot.

■ In some prosecutions for larceny the peculiar facts and circumstances may demand direct proof of nonconsent; that is to say, the circumstances incident to the taking are not sufficiently potent to supply this proof.

Apparently this was the situation in Mc-Mickens v. State, 16 Ala.App. 73, 75 So. 626.

■ Since larceny is a criminal trespass on the right of possession, it is necessary that the taking should be without the consent of the possessor. The burden of proof of this essential element of the offense is on the prosecution.

■ "Whether the doing of an act, or series of acts, constitutes grand larceny, or petit larceny, is a question of law; whether such act or acts were committed by the accused is a question of fact." Commander v. State, 28 Ala.App. 42, 178 So. 241, 243.

■■ The element of nonconsent may be established by circumstantial evidence, as is the case of proof of any other factual issue. In the instant case this finding was addressed to the determination of the jury.

We are clear to the conclusion that when all of the facts and circumstances are con-

sidered there is afforded a reasonable inference that neither the appellant not Murphy had the authorized consent to take the automobile in question from the storage lot. Therefore the court was not in error in refusing the general affirmative charge at the request of defendant.

The judgment below is ordered affirmed.

Affirmed.