103 So.2d 833

Jack **TRAIL**

v.

**STATE.**

8 Div. 357.

Court of Appeals of Alabama.

June 10, 1958.

H. Neil Taylor, Russellville, for appellant.

John Patterson, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant has been found guilty of buying, receiving, or concealing a dog, knowing the same to have been stolen, etc.

The evidence presented by the State tended to show that Mr. L. G. Malone was deer hunting in Franklin County, Alabama, on 27 November 1957. He turned loose two dogs. One, a lemon and white bitch did not return at the end of the hunt, and Mr. Malone's efforts to find her that day were fruitless.

About two weeks later the hound was seen tied up in the yard of a house that had been occupied by the appellant and his wife. As to whether the house was occupied at the time the witnesses did not know.

The above was all of the material and relevant evidence presented by the State.

The appellant's evidence was directed toward showing that he and his wife were in Texas at the time the dog was allegedly seen tied in his yard.

■ To constitute the offense for which this appellant has been found guilty it was encumbent on the State to show: 1. That the property had been stolen, 2. that it was bought, received, or concealed by the accused, 3. with the knowledge that the property had been stolen, and 4. with a felonious intent not to return the property to the true owner.

Even the State's own evidence shows that the dog in question was not stolen, but was lost—certainly not an unusual fate for a dog in a deer hunt.

■ This in itself would compel a reversal of this case, in that it was essential to the offense for which the appellant was convicted, that the dog be stolen at the time the accused allegedly received it. Farzley v. State, 231 Ala. 60, 163 So. 394. Futhermore, without resort to speculation, upon which criminal convictions cannot stand, it was not shown that this appellant received or concealed or bought the dog, unless this element be supplied from the tenuous grounds that the dog was observed tied in the yard of the house formerly occupied by appellant and his wife.

Since there is no evidence tending to show when the dog was so tied, or for how long, further speculation must be resorted to to supply the felonious intent not to return the animal to its owner.

While it is true that if a finder of lost goods knows or has reasonable means of discovering the owner, but appropriates the goods to his own use, he may be guilty of larceny. However, this appellant was not found guilty of larceny. Nor would the evidence disclosed in this record sustain a charge of larceny.

Reversed and remanded.