132 So.2d 485

Doris **JOHNSON**

v.

**STATE.**

I Div. 864.

Court of Appeals of Alabama.

Aug. 15, 1961.

Wm. Grayson, Mobile, for appellant.

MacDonald Gallion, Atty. Gen., and Jerry L. Coe, Asst. Atty. Gen., for the State.

PRICE, Judge.

The indictment charges grand larceny in Count One, and in Count Two charges buying, receiving or concealing stolen property. The property alleged in each count is one Hickey-Freeman man's suit, of the value of $180, the property of Metzger Brothers, a corporation. Conviction was had under the second count.

The state's evidence tended to show that three or four days prior to June 1, 1960, defendant was in Metzgers' store in Mobile, Alabama, with one Edward Mills. Mills said he wanted to buy a suit. After looking at suits, he asked the clerk to hang up two suits, stating he would return the next day. When he failed to return the next day the suits were placed back in stock.

On June 1st the defendant came into the store with Mills and a girl named Leona King. Mills told a clerk on the first floor that he had come to look at suits again, and they entered the elevator together.

They got off the elevator at the second floor, went to the back of the store where the suits were and began pulling out the suits. Mrs. Bush, the cashier, asked if she could get someone to help them. She was told that a clerk was coming from the first

floor. Shortly thereafter the defendant asked Mrs. Bush the whereabouts of a restroom, and was told there was one on the third floor. The defendant and her woman companion started toward the elevator. Mrs. Bush noticed the women were walking and acting peculiarly and she called someone on the third floor to tell them to watch for them.

A store employee testified she saw the women as they stepped from the elevator on the third floor. One of them had on a very full petticoat. They asked for the ladies' room. One of them said she had had an operation and this was her first day downtown and she needed to adjust her girdle. She was holding her stomach and back and was walking with her legs close together as though she might be crippled. There was something under her skirt that looked as if it might be a stick or some very stiff object, which could be seen through her clothing as she walked. The employee reported the incident to the manager, Mr. Robertson, and he got on the elevator with the women after they came from the restroom.

Mr. Robinson testified he first saw the women as they were coming out of the restroom. They were walking with their knees held closely together and he could see that they had something between their knees. When the women saw that Mr. Robinson was getting off the elevator on the second floor they made a motion as if to get back on it. Mr. Robinson then called to Mr. Metzger. The women started walking away from the elevator to a section of sport coats and pants. Mr. Metzger came to where Mr. Robinson was standing and while the situation was being explained to him Mr. Robinson noticed the women fumbling around in the sport coat section at the place where Mr. Metzger picked up a suit from the floor three or four minutes later. The Hickey-Freeman suits do not hang on the sport coat rack.

Mr. Albert Metzger testified his business is selling men's and ladies' apparel at 106 Dauphin Street; that the company name is Metzger Brothers, Incorporated, and that they have the exclusive franchise in Mobile for Hickey-Freeman suits. Mr. Metzger then identified the suit brought into court as having come from his store. He testified the suit has a retail value of $180, and is the property of Metzger Brothers, Incorporated. He further testified that on June 1, 1960, he saw Mills on the second floor of Metzgers and approached him to see if he could assist him. Mills stated that he would like to see some sport coats; that neither of the women were with Mills at that time. After he had taken Mills to the Sports Coat Department the women got off the elevator followed by Mr. Robinson, who is Manager of the Ladies Department. At that time he heard Mr. Robinson yell that the women had something under their dresses. The women then came over to a row of pants racks. They were trying to run and hold their legs together at the same time. They went right into the pants and sport coats rack. The witness said he had walked down that aisle a minute before and the suit was not there then. The women walked down the aisle and both of them bent over, but he couldn't see what they were doing. Mr. Metzger went around the other side of the aisle and met them coming out. The suit was lying on the floor. There were no other Hickey-Freeman suits within thirty to forty feet of this section of the store.

The defendant testified she had never seen Edward Mills before she was arrested at Metzger's store and denied that she came into the store with him either on that day or any other day. She stated she was six months pregnant when she was arrested and she went in the store to buy a maternity dress.

■ To establish the offense of buying or concealing stolen property it must appear that the property was stolen; that accused bought, received or concealed it knowing that it had been stolen; and that she had no intention of returning it to the owner. Moore v. State, 26 Ala.App. 607, 164 So.

761; Trail v. State, 39 Ala.App. 467, 103 So. 2d 833.

 The corpus delicti may be proven by circumstantial evidence as well as by direct proof. Coates v. State, 36 Ala.App. 371, 56 So.2d 383; Wright v. State, 17 Ala. App. 621, 88 So. 185.

■ To meet the burden of proving that the property was stolen, it is necessary only that the state offer sufficient legal evidence to show a severance of the possession of the owner and an actual possession of the wrongdoer. It is immaterial how short the distance moved, or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer. Phelps v. State, 6 Ala.App. 58, 60 So. 537; Molton v. State, 105 Ala. 18, 16 So. 795; Blakeney v. State, 244 Ala. 262, 13 So.2d 430; Arthur v. State, 38 Ala.App. 490, 93 So.2d 793.

■ An accused cannot exempt himself from punishment on a charge of buying, receiving or concealing stolen property by simply restoring it to the owner. Hoggle v. State, 36 Ala.App. 703, 63 So.2d 289.

■ We are of the opinion the facts and circumstances shown were sufficient to warrant the submission of the question of defendant's guilt to the jury, and were ample in their tendencies to sustain the conviction. There was no error in the denial of defendant's motion to exclude the state's evidence.

It is insisted in brief that the court erred in overruling defendant's objection and denying her motion to exclude the defendant's answer that she had been arrested. The record shows the following:

"Q. (By the Solicitor) Were you ever arrested and charged with stealing? A. Yes Sir, I have been arrested.

"Mr. Sullivan: We object, and move to exclude that as wholly immaterial, incompetent and irrelevant, whether she was ever arrested before.

"The Court: I'll have to overrule that Mr. Sullivan.

"Mr. Sullivan: We except.

"The Court: You sat there and made no objection to that question when he propounded it and let the witness answer it * * *."

■ It is a well-settled rule of law that the trial court will not be put in error for overruling an objection to the testimony of a witness where the objection was not made until after the witness had answered the question. See 6A Alabama Digest, Criminal Law, ☞ 693, for numerous cases.

We find no reversible error in the record. The judgment is affirmed.

Affirmed.