286 So.2d 58

**Raymond A. KLEMMER, alias,**

**v.**

**STATE.**

**5 Div. 92.**

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rehearing Denied Sept. 25, 1973.

Andrew J. Gentry, Jr., Auburn, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

## PER CURIAM.

The appellant was convicted of grand larceny and sentenced to ten years imprisonment, from which judgment he appeals.

We think in view of the court's ruling on appellant's motion to exclude the State's testimony that a brief statement of the salient facts developed at the trial is appropriate.

The evidence presented by the State tends to show that on April 1, 1971, Bill Heard Chevrolet Company, Inc., of Columbus, Georgia, received delivery of a Chevrolet automobile, 1971 Monte Carlo model, and stored it at one of the storage lots of the company. On April 14, 1971, the appellant delivered this automobile to the Jack Tatum Company in Opelika, Alabama, for certain repairs. The manager of the repair shop, H. E. Speir, in making a routine examination of the automobile, noticed that the serial number did not correspond to that stamped on the motor of the automobile and that the plate on the dashboard holding the serial number was held by only one rivet instead of the usual two, and further that the car did not appear to have been driven 39,000 miles as represented to Witness Speir by appellant. Subsequent

investigation disclosed that the car was missing from the lot of the Bill Heard Chevrolet Company in Columbus, Georgia, and the car was later identified by the person in charge of the new automobiles on this lot as being the car which had been delivered to the company on April 1. On the night of April 14 Detective Fitzgerald of the Opelika Police Department encountered the appellant and one Doug Isbell near the impounding lot of the Opelika Police Department. He stopped the car in which they were riding, a Corvair, and inquired as to their purpose in being at the lot, which was off limits to the public. He advised them of this fact and Isbell in turn asked if the police had one Eugene Parker in jail or whether he was in the county jail. Witness answered Parker was not held in the city jail. They immediately left the vicinity of the impounding lot and were followed by Detective Fitzgerald who observed that they went only a few blocks and headed back toward the police station. He immediately turned his car around and came back to the police station at which time he observed that someone was sitting in the car in question and that the Corvair in which appellant and Isbell had been was parked a short distance behind it. He further testified that the Chevrolet had made some movement in a backward direction at about the time he blocked the Corvair from moving out and that he immediately got out of the police car, approached the Monte Carlo with his pistol drawn, and placed appellant under arrest. Witness Fitzgerald further testified at the time he arrested the appellant he advised him of his constitutional rights and that the appellant had produced a bill of sale for the automobile and claimed that it belonged to him. It appears that immediately before the *Miranda* warning (Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694) was given the appellant, the police officer asked him what he was doing there, or something to that effect, and the appellant stated that he had come to get his car.

Appellant's testimony was that the car in fact belonged to him, he having purchased it from one Nelson Cook in Montgomery on or about April 5 for the sum of $2,800.-00. Appellant further testified that Nelson Cook represented himself to be connected with the Drennen Motor Company of Birmingham and that he received his bill of sale which was offered in evidence from Cook. He further testified that the car had a faulty transmission and that he had left it at the home of Witness Isbell until April 14 and that the car was parked in front of the Isbell home and in plain view of the street during this time. On April 14 he did deliver the car to Jack Tatum Company for repairs. Appellant further contends that the car belonged to him due to his purchase of it from Cook and that his only object in appearing at the police station was to find his car and to take it back into his possession. Appellant testified that he was in fact at the police station three times. He was unable to find anyone at the police station the first time and on the other occasion Sgt. Fitzgerald had informed him and Mr. Isbell that Mr. Baggett, who had early in the day been arrested for possession of the car, was probably in the county jail and that on the final occasion he was seated under the steering wheel of the car with the switch key and lights on and the motor running. The officer drove up in front of the Corvair, got out of the police car, blocking its movement, came up to him with a pistol drawn and placed it at his head and had him give up the keys. He testified he did not remember whether he moved the car or not and, if so, how far because he was frightened by the officer with the drawn weapon. He further testified on the second occasion when he was at the police lot he saw the car in question but was not certain of its identity. In order to make certain that it was the right one, he came back to take a closer look and recognized it. Mr. Isbell substantiated this testimony in certain respects—that he drove the car back from Montgomery at the request of appellant on the night it was purchased, and that the car remained in front of his house until it was taken to the Jack Tatum Com-

pany for repairs. He was with appellant on the night he was arrested, and testified to the circumstances substantially the same as set out in the testimony of the appellant.

There were other details in regard to witnesses supporting the contention of plaintiff and appellant which are not necessary to delineate. The above statement will serve as a basis for the decision of the questions raised on appeal.

■ The indictment laid the ownership of the stolen vehicle to the Bill Heard Chevrolet Company, Inc., and it is the contention of the appellant that no proper proof of the existence of this Corporation was presented by the State; and further that there was no proof of the ownership by the corporation of the alleged stolen car.

Tit. 15, § 315, Code of Alabama 1940, Recompiled 1958, reads as follows:

"In the trial of criminal cases it shall not be necessary for the state to prove the incorporation of any corporation mentioned in the indictment, complaint, or information, unless the defendant within thirty days after indictment, if defendant be under bond, or within thirty days after arrest on capias, denies the existence of such corporation by a sworn plea."

We find nothing in the record indicating that a sworn plea denying the legal existence was filed by appellant as authorized in the above quoted statute. Where the statute has not been complied with, the State is relieved of the burden of proving a corporation and the defendant cannot complain of the State's failure to prove its legal existence. Johnson v. State, 42 Ala. App. 611, 173 So.2d 817, 277 Ala. 655, 173 So.2d 824 (This case was reversed on other grounds.); Childs v. State, 43 Ala.App. 529, 194 So.2d 861.

There was testimony by Mr. James Yarnall, Assistant Manager of Bill Heard Chevrolet, Inc., that the car found in appellant's possession belonged to the Bill Heard Chevrolet Company, Inc., and had never been sold at the time it was apprehended by the officers.

■ The appellant further argues that he never actually acquired dominion and control over the car so as to deprive the owner thereof. Under the testimony of Detective Fitzgerald, set out above, this was a question of fact for the jury and was properly submitted to them by the court. Johnson v. State, 41 Ala.App. 351, 132 So.2d 485.

In Arthur v. State, 38 Ala.App. 490, 93 So.2d 793, this Court in speaking of this proposition said:

"Moreover, if the prospective thief shall have obtained at some particular time the complete, independent and absolute possession and control of the chattel, adverse to the rights of the owner therein, the taking is complete. 36 C.J. p. 748, Section 45(3). And 'a very slight asportation will be deemed sufficient.' Molton v. State, 105 Ala. 18, 16 So. 795, 796, 53 Am.St.Rep. 97. . . ."

In Johnson v. State, 41 Ala.App. 351, 132 So.2d 485, the Court stated:

". . . It is immaterial how short the distance moved, or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer. Phelps v. State, 6 Ala.App. 58, 60 So. 537; Molton v. State, 105 Ala. 18, 16 So. 795; Blakeney v. State, 244 Ala. 262, 13 So.2d 430; Arthur v. State, 38 Ala.App. 490, 93 So.2d 793."

We think this matter was a question for the jury to decide.

■ The court, over the objection of the appellant, allowed the witness Fitzgerald to testify that when he approached the automobile in which the appellant was sitting he asked the appellant in substance what he was doing there and that the ap-

pellant answered that he had come to get his car. Immediately thereafter the witness testified he recited the *Miranda,* supra, rights to appellant and placed him under arrest. Whether or not this statement by the appellant in answer to the officer's question amounted to an inculpatory admission or confession need not be decided for the reason that if there were error in its admission, it was harmless under Supreme Court Rule 45. The defense presented by the appellant was in fact based upon the claim that the automobile was his; he, having bought it from the witness Cook and paid the purchase price. As we see it, no error can result to the appellant by reason of this occurrence immediately before being arrested when his testimony thereafter reiterated and attempted to substantiate the claim.

The appellant excepted to that portion of the oral charge in which the court said that "the unexplained possession of recently stolen goods is a fact from which a jury may infer guilt and whether there is sufficient evidence of guilt is for the determination of the jury." In Allred v. State, 35 Ala.App. 66, 43 So.2d 758, this Court stated:

> "The possession of recently stolen goods, without a reasonable explanation of such possession, is a fact from which the jury can infer guilt. The reasonableness of the possessor's explanation is for the jury. Dickey v. State, 32 Ala. App. 413, 26 So.2d 532."

This principle has been adhered to in our appellate courts in many cases and seems to be the well established rule. Bryant v. State, 116 Ala. 445, 23 So. 40; Heath v. State, 30 Ala.App. 416, 7 So.2d 579, cert. denied 242 Ala. 632, 7 So.2d 580; Wildman v. State, 42 Ala.App. 357, 165 So.2d 396, cert. denied 276 Ala. 708, 165 So.2d 403. No error appears in the court's action excepted to.

At the request of appellant the court gave several charges in writing and refused charges 33, 11, 29, 23, 22, 25, 31, 30, 26, 5, 4, 2, 1 and 3.

Charges 26, 5, 4, 2, 1 and 3 were affirmative in nature and were properly refused under the evidence developed in this case.

Charges 33, 11, 29, 23 and 22 on reasonable doubt were adequately covered by the oral charge of the court and certain given charges, as were charges 31 and 30 which dealt with character evidence.

Charge 25 was clearly erroneous and needs no discussion. There was no error in the court's refusal of any of the above requested charges of appellant.

Upon an examination of the record we find no error of a reversible nature in any part thereof and the cause is therefore affirmed.

Affirmed.

All the Judges concur.