301 So.2d 223

**Lonnie J. COE**

v.

**STATE.**

**6 Div. 645.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Earnest N. Deason, Birmingham, for appellant.

William J. Baxley, Atty. Gen. and Robert W. Walker, Sp. Asst. Atty. Gen., for the State.

TYSON, Judge.

The appellant was indicted for unlawfully buying, receiving, concealing, or aiding in concealing one Honda motorcycle of the value of $700.00, and also, in a separate count, with the grand larceny of the said vehicle. The jury found the appellant guilty of buying, receiving, or concealing, the said stolen property and fixed the value of the stolen property at $450.00. The trial court then entered judgment, setting sentence at five years imprisonment.

Marvin Warren Bolton testified that on the evening of August 19, 1972, he was the owner of a 450 CB Series Honda motorcycle, red and white in color. He stated its value was $700.00. He further stated that the same was missing from his residence on the morning of August 20, 1972, and that this was reported to the Birmingham police. He testified that he next saw the missing motorcycle at Kemp's Garage, having been taken there by Officer Upshaw. He testified that the motorcycle was identified by its serial number, that it had been painted blue, that there were some missing fenders and other parts when he saw it in the garage.

This testimony was corroborated by Kirby Warren Bolton, age sixteen, a son of the previous witness. Young Bolton testified that when he saw the motorcycle at Kemp's Garage, it had the same tag number and serial number, by which he was able to identify it, but that it had been painted blue. He stated that the front fender and the Buddy Bar were missing. He further stated that an air filter and an electric starter had been taken off, and a different brake peg had been put on, that the kick starter had also been removed. He further testified that he and his father, accompanied by Officer Upshaw, went to the home of the appellant and there found the missing front fender, brake peg, front blinker, and also some name tags which had been on the vehicle.

Officer Kirk Patrick Upshaw testified that he was employed by the Fultondale

Police Department, and that he received the report of the missing Honda motorcycle from Mr. Bolton on August 20, 1972. He further testified that the serial number given to him was CB450E–8003648, and that he subsequently took Mr. Bolton and his son to Kemp's Garage on August 29, 1972, where the motorcycle was identified by the two Boltons. He stated that Mr. Bolton and his son advised him that there were missing a set of front blinkers, a front light, a fender, a Buddy Bar, kick stand, kick starter, brake pedal, tail light, and a battery charger. He stated that these items were found at the residence of the appellant in Jefferson County, at 5030 Eighteenth Court North, Birmingham.

Birmingham Police Officer Jack Moore testified that he received a telephone call from one Patricia McClendon to go to the residence located at 5030 Eighteenth Court North, where a motorcycle was being stripped down. He stated that, acting on this information and the serial number on the motorcycle, he seized the vehicle and took it to Kemp's Garage.

Birmingham Police Officer Tommy Joe Alexander testified that on August 22, 1972, he stopped a Honda 450 motorcycle, license plate number M 3478, and issued a traffic ticket after having obtained the driver's license from the driver of the vehicle, and that the driver was the appellant, Lonnie J. Coe.

Rene Myres, age 15, testified that she saw the appellant shortly after August 20, 1972, riding a red and white Honda motorcycle, and that later he came by her home and the motorcycle was painted blue. She stated that the appellant lived at 5030 Eighteenth Court North in Birmingham. On cross-examination, she testified that she was the girl friend of one William King, and that William King had lived for a short while at the home of the appellant.

William King testified that he lived at 2817 Twelfth Avenue North in Birmingham. He testified that he had known the appellant, Lonnie Coe, for about two years, and that during August, 1972, had lived at the home of appellant. He stated that shortly after August 20, 1972, he was seated at the home of his girl friend, Rene Myres, when the appellant drove up, riding a red and white colored Honda motorcycle, either a 350 or 450. He stated that a couple of days later he saw the appellant painting the motorcycle blue, using a paint spray can, and that he removed the front fender. On cross-examination, King testified that the appellant had asked him to call his attorney, Mr. Dinsmore, which he did, and that in this conversation he, King, told Mr. Dinsmore that he purchased the motorcycle in question "from a dude named Russell Driver for $100.00." [R. p. 55]

The appellant's motion to exclude the State's evidence was overruled.

The appellant's mother, Gladys Marie Coe, testified that she resided at 5030 Eighteenth Court North in the City of Birmingham. She testified that William King had been living at her home during the month of August, 1972, and that one evening King drove up, riding a motorcycle, and stated that he had bought it. She testified that he requested her son to help him paint the motorcycle and that the two boys had painted it blue. She further testified that after the charges were made against her son, King called her son's attorney, Mr. Dinsmore, and told him that her son did not have anything to do with the motorcycle, that he, King, had bought it from Russell Driver for $100.00; that he had once loaned it to the appellant to ride, and that the appellant did not know that the motorcycle was stolen. She further testified that William King was the person who removed the fender and other parts from the motorcycle which was found at her home.

I

In Johnson v. State, 41 Ala.App. 351, 132 So.2d 485, Judge Price stated:

"To establish the offense of buying or concealing stolen property it must appear

that the property was stolen; that accused bought, received or concealed it knowing that it had been stolen; and that she had no intention of returning it to the owner. Moore v. State, 26 Ala. App. 607, 164 So. 761; Trail v. State, 39 Ala.App. 467, 103 So.2d 833.

"The corpus delicti may be proven by circumstantial evidence as well as by direct proof. Coates v. State, 36 Ala.App. 371, 56 So.2d 383; Wright v. State, 17 Ala.App. 621, 88 So. 185.

"To meet the burden of proving that the property was stolen, it is necessary only that the state offer sufficient legal evidence to show a severance of the possession of the owner and an actual possession of the wrongdoer. It is immaterial how short the distance moved, or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer. Phelps v. State, 6 Ala.App. 58, 60 So. 537; Molton v. State, 105 Ala. 18, 16 So. 795; Blakeney v. State, 244 Ala. 262, 13 So.2d 430; Arthur v. State, 38 Ala.App. 490, 93 So.2d 793."

Our Presiding Judge, then Cates, J., in Stanley v. State, 46 Ala.App. 542, 245 So. 2d 827, stated the trial court "in a receiving case approved inferring the requisite scienter from recent possession of stolen goods."

This court is of the opinion that the facts above set forth show the material elements of the offense charged, and that the evidence being in conflict, the trial judge properly submitted this matter to the jury for their determination. Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. denied 288 Ala. 747, 265 So.2d 185; Johnson v. State, supra.

II

During the examination of State's witness, William King, the following occurred [R. pp. 53–54] :

"Q. Did you have a conversation with him then about this motorcycle?

"A. Yes, sir.

"Q. What was the conversation you had with him?

"A. He told me that if they convicted him of the motorcycle they would revoke his parole.

"Q. What else did he tell you?

"MR. DINSMORE: I object, Your Honor, to anything else he said.

"THE COURT: Let me say this: I don't know what we are getting into. That last question and answer—the last answer to it, of course, would be entirely inadmissible. I am concerned with giving this young man a fair trial. I am going to instruct the jury, ex mero motu, not to consider that. This man is being tried for stealing a motorcycle. It is very, very highly improper for it to come into evidence that he may, or may not, be on parole. That has nothing to do with this case. If he is, I don't know any more than you people do about that, because I am hearing this for the first time, just like you are. Is there any one of you who think you can't expunge from your mind, or expel from your mind, or disregard that statement about him saying something about them revoking his parole in passing on the issues involved in this case? I do instruct you to disregard it, ladies and gentlemen, not to consider it."

As may be seen, there was general objection by counsel to the statement of King, which was sustained, and the trial court promptly admonished the jury not to consider it, and to expel it from their minds. Moreover there was no motion for a mistrial or other objection or motion made by appellant. In view of this and the trial court's prompt action, we are of the opinion that error is not here shown. Paul v. State, 48 Ala.App. 396, 265 So.2d 180, cert. denied 288 Ala. 747, 265 So.2d 185; Greathouse v. State, 47 Ala.App. 71, 250 So.2d 609.

As noted by Mr. Justice Harwood, then Harwood, P. J., in Gaddis v. State, 39 Ala.App. 630, 106 So.2d 268:

" . . . The learned trial judge was most careful in his rulings to see that every right of the appellant was scrupulously protected. The record is, in our opinion, as clean as a hound's tooth, and as free of error as any we have ever read."

The judgment is therefore due to be and the same is hereby

Affirmed.

ALMON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., not sitting.