329 So.2d 152

Clarence BONNER, III

v.

STATE.

8 Div. 748.

Court of Criminal Appeals of Alabama.

March 16, 1976.

David J. Evans, Jr., Albertville, for appellant.

William J. Baxley, Atty. Gen., and Sarah M. Greenhaw, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was indicted for burglary in the second degree and grand larceny. With employed counsel present at arraignment appellant pleaded not guilty. At the close of the State's case appellant moved to dismiss the burglary count in the indict-ment and the Court granted the motion. The case was submitted to the jury on the grand larceny count. The jury returned a verdict against appellant for petit larceny but declined to assess a fine. Thereupon, the Court sentenced appellant to imprisonment in the county jail of Marshall County for a term of nine (9) months. Appellant gave notice of appeal. He was found to be indigent and a free transcript was furnished him. New counsel was appointed to represent him on appeal.

The count of the indictment submitted to the jury reads as follows:

"COUNT II

"The Grand Jury of said County charge that before the finding of this indictment Clarence Edward Bonner III whose name to the Grand Jury is otherwise unknown, feloniously took and carried away the following, to-wit: One (1) 3 blade Volvo 270 Out Drive Propella, (sic) a further description of same being otherwise unknown to the Grand Jury, of the value of, to wit: $60.00, the property of Chrysler Marine Center Inc., A Corporation, against the peace and dignity of the State of Alabama."

Mr. Royal Carl Kist testified that on May 23, 1975, he lived in Guntersville, Alabama, and was engaged in the retail sale of marine merchandise and a repair shop. He said the name of his business was "Chrysler Marine Center, Incorporated," and that it was located at or near the intersection of Highway 79 and 431 near the Guntersville Hospital behind the Quick-Shop. He further testified that his business was enclosed with a six-foot chain link fence and had three strands of barbed wire on top which made the fence seven and a half feet high. He stated that he locked both gates leading into his place of business about six-thirty or seven o'clock the night of May 23, 1975. He said he received a call that night and went to his place of business and he saw a jack handle which belonged to him stuck in the prop

cone of a Volvo outdrive motor on a boat inside the fence. He was shown State's Exhibit 1 and identified it as a three-bladed Volvo 270 outdrive propeller which was lying up against the back of the building that morning to be repaired, and that in its unrepaired condition it was worth $60.00.

On cross-examination he testified that this type propeller would fit any boat with a 270 outdrive but was designed for a twenty foot or above such as a Cabin Cruiser. He stated that he knew appellant and that he did not have a Cabin Cruiser, that actually a propeller of this kind would be useless to him. He said he had never sold appellant a propeller. He stated that the propeller introduced in evidence was the property of Chrysler Marine Center, Incorporated.

Officer R. B. Webb of the Guntersville Police Department testified that on the night of May 23, 1975, he got a radio dispatch to go to the Chrysler Marine Center and he arrived at approximately 10:40 p. m. He saw appellant and one James Michael Denny inside the fence surrounding the Marine Center. He stated that Denny was at the rear of a boat in the process of taking a propeller off a motor and he saw appellant inside the boat. At the officer's request both men jumped over the fence and he placed them under arrest. The officer found a propeller on the outside of the fence directly across from where both men had been while inside the fence.

Appellant testified that he and Denny were looking at boats that night. They had been drinking all day and they went over the fence at the Chrysler Marine Center just to look at the boats and not with the intent to steal anything. Appellant denied that he or Denny threw the propeller over the fence that night.

On rebuttal Officer Webb was recalled to the stand and testified that both appellant and Denny were also charged with public drunkenness that night and that ap-

pellant had been arrested several times on alcohol related charges.

Appellant filed a motion for a new trial which was overruled and denied.

■ Loss of property by felonious taking may be proved by facts and circumstances as well as by direct and positive evidence and if the evidence affords an inference that a larceny has been committed, its sufficiency is for the jury and it is their duty to determine whether the corpus delicti has been proven. *Melson v. State,* 38 Ala.App. 514, 88 So.2d 851; *Jones v. State,* 51 Ala.App. 570, 287 So.2d 886.

In *Johnson v. State,* 41 Ala.App. 351, 132 So.2d 485, this Court said:

"The corpus delicti may be proven by circumstantial evidence as well as by direct proof. *Coates v. State,* 36 Ala.App. 371, 56 So.2d 383; *Wright v. State,* 17 Ala.App. 621, 88 So. 185.

"To meet the burden of proving that the property was stolen, it is necessary only that the state offer sufficient legal evidence to show a severance of the possession of the owner and an actual possession of the wrongdoer. It is immaterial how short the distance moved, or the length of time he exercised dominion over it. It may constitute larceny if there was a severance of the possession of the owner and an actual possession and removal by the wrongdoer. *Phelps v. State,* 6 Ala.App. 58, 60 So. 537; *Molton v. State,* 105 Ala. 18, 16 So. 795; *Blakeney v. State,* 244 Ala. 262, 13 So.2d 430; *Arthur v. State,* 38 Ala.App. 490, 93 So.2d 793."

The testimony of the owner of the propeller clearly showed that it was lying against the wall of the building the day he locked the gates to the fence and the evidence clearly showed that the officer found the propeller outside the fence just opposite from the position of appellant and

his companion when the officer found them inside the fence.

Conflicting evidence always presents a question for the jury unless the evidence palpably fails to make out a prima facie case. *Morris v. State,* 47 Ala. App. 132, 251 So.2d 629; *Jones v. State,* 54 Ala.App. 251, 307 So.2d 59.

In reviewing the refusal of a motion for a new trial, this Court will indulge every presumption in favor of the correctness of the ruling of the trial court and the decision thereon rests largely within the discretion of the trial court. *Espey v. State,* 270 Ala. 669, 120 So.2d 904; *Moore v. State,* 52 Ala.App. 179, 290 So.2d 246.

The judgment of conviction is affirmed.

AFFIRMED.

TYSON, DeCARLO and BOOKOUT, JJ., concur.