The defendant was indicted and convicted for the murder of Viola Drinkard. He was sentenced as an habitual offender to life imprisonment.
 I
In an unresponsive answer, a state investigator testified that the defendant was arrested on a bench warrant for probation violation. This was objectionable and improper because evidence of past criminal activities of the accused other than that for which he is being tried is inadmissible. C. Gamble, McElroy'sAlabama Evidence, Section 69.01 (1) (3rd ed. 1977).
However, the motion for mistrial was properly overruled because such a motion should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court. Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979). Although a comment that the accused was on parole for another offense at the time of the commission of the offense for which he is on trial constitutes error, its prejudicial effect can be removed by emphatic instructions by the trial judge excluding the comment and admonishing the jury to remove it from their consideration. Hatchv. State, 398 So.2d 415 (Ala.Cr.App. 1981); Coe v. State,53 Ala. App. 457, 301 So.2d 223 (1974). Here the record shows that the trial judge considered the statement improper but not of "sufficient impropriety to cause a mistrial." We find no abuse of his discretion in this regard.
 II
We find no error in the trial judge's charge to the jury concerning the defendant's failure to testify. Even where not requested a trial judge may instruct the jury on the legal effect of the accused's exercise of his constitutional right not to testify in his own behalf. Tinsley v. State, 395 So.2d 1069
(Ala.Cr.App.), cert. denied, 395 So.2d 1080 (Ala. 1981); Smith v.State, 370 So.2d 312 (Ala.Cr.App.), cert. denied, 370 So.2d 319
(Ala. 1979); Blakely v. State, 43 Ala. App. 654, 198 So.2d 803
(1967).
The correctness of the court's oral charge must be measured by the charge as a whole and not by an isolated remark. The charge should not be subjected to hypercriticism and the language of a charge must be given a reasonable construction. Harris v. State,394 So.2d 96, 100 (Ala.Cr.App. 1981).
The judge's instructions in this case are not subject to the defects which caused a reversal in Smith, supra. The charge was neither prejudicial to the defendant nor capable of misleading the jury into drawing any adverse inference from the defendant's failure to testify. We note that defense counsel did not request any additional instructions in this regard but only requested a mistrial. Any alleged deficiencies or prejudicial qualities contained in the oral charge could have been cured by further instructions. Where error is eradicable a mistrial is too drastic a remedy and is properly denied. Chillous v. State, 405 So.2d 58
(Ala.Cr.App. 1981); Alabama Code 1975, Section 12-16-233.
 III
The defendant argues that the taking of a blood sample while he was incarcerated *Page 858 
constituted a violation of his Fourth Amendment right to be free from unreasonable searches and seizures. At trial, the State presented credible evidence that the defendant consented to the blood test. The defendant denied any consent or permission.
In reviewing this issue we must apply the following principles.
 "`(W)hen conflicting evidence is presented on the issue of the voluntariness of a consent to search and the trial judge finds that the consent was voluntarily given, great weight must be given his judgment. This finding will not be disturbed on appeal unless the appellate court is convinced that the conclusion is palpably contrary to the weight of the evidence. Even where there is credible testimony to the contrary, if the evidence is fairly capable of supporting the inference that the rules of freedom and voluntariness were observed, the ruling of the trial judge need only be supported by substantial evidence and not to a moral certainty. Sullivan v. State, 340 So.2d 878, 880-881 (Ala.Cr.App.), cert. denied 340 So.2d 881 (Ala. 1976).'" Weatherford v. State, 369 So.2d 863, 871 (Ala.Cr.App.), cert. denied, 369 So.2d 873 (Ala. 1979).
The mere fact that the defendant did not know that the blood test would disclose damaging evidence or the purpose of the test is not a major consideration in determining whether his consent was voluntary. Leavitt v. Howard, 462 F.2d 992, 998 (1st Cir. 1972);United States v. Gorman, 355 F.2d 151, 158-59 (2nd Cir. 1965). Applying the principles found in Schneckloth v. Bustamonte,412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973), we find substantial evidence to support the trial judge's finding of consent. Hill v. State, 366 So.2d 296 (Ala.Cr.App. 1978), affirmed, 366 So.2d 318 (Ala. 1929).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.
[EDITORS' NOTE: PAGES 859-861 CONTAINED DECISIONS WITHOUT PUBLISHED OPINIONS.] *Page 1076