McMILLAN, Judge.
The appellant was charged with receiving a stolen Model 1100 Remington .410 shotgun, a stolen Browning lever action .308 rifle, and a stolen Winshester lever action .22 rifle; the combined value of which was estimated to be $600.00. He was subsequently tried and convicted of receiving stolen property in the second degree in violation of Section 13A-8-18, Code of Alabama (1975). As a result of his conviction, he was sentenced to a period of 50 years’ imprisonment pursuant to the Habitual Felony Offender Act.
I.
The appellant first contends that the trial court erred to reversal in denying his motion for directed verdict and judgment of acquittal at the conclusion of the State’s case. He argues that his motion should have been granted because, he says, there was insufficient evidence presented by the State to prove that a theft had occurred. He further argues that there was insufficient evidence to prove that he knowingly had possession of stolen property.
The appellant argues that the testimony of Johnny Cleveland, the owner of the guns, only evidences that his house had been broken into and that a .410 shotgun had been stolen. He contends that the State failed to prove the theft of the two guns that were located in the barn. The record indicates that Mr. Cleveland testified that a window pane in his home had been broken and that his Model 1100 Remington .410 was missing. In addition, he stated that two guns, one which was in the truck he kept parked in the barn and the other of which was attached to his saddle in the tack room of the barn, were also missing following the burglary of the house. According to his testimony, Mr. Cleveland gave no one permission to use the guns or to take them from his residence. He further identified the three exhibits shown to him at trial as the guns which were stolen from his property. Subsequently, Chief Deputy Sheriff Greg *857 Lovelace testified that he located the three missing guns in the bushes on a dirt road not far from the Cleveland home. Witnesses had earlier testified to having seen the appellant and another man carrying three guns while walking on the road. Moreover, they testified that when they drove by the appellant and the other man, the two men threw the guns into the bushes.
In order to prove receiving stolen property, it is necessary to prove the following: “(1) the property in question has been stolen, (2) the defendant bought, received, concealed or aided in concealing the property, knowing that it was stolen, and (3) the defendant bought, received, concealed, or aided in concealing the property without the intent to restore it to the owner.” Boykin v. State, 398 So.2d 766, 769 (Ala.Cr.App.), writ denied, Ex parte Boykin, 398 So.2d 771 (Ala.1981).
“To establish the offense of buying, receiving and concealing stolen property, it must appear that the property listed in the indictment had disappeared, from where the owner left it, without his knowledge or consent. This along with other evidence that the owner reported its disappearance to the police was sufficient for the jury to infer that the property had been stolen. Johnson v. State, 41 Ala.App. 351, 132 So.2d 485 [1961]; Franklin v. State, 47 Ala.App. 62, 249 So.2d 882 [1971].” Smitherman v. State, 340 So.2d 896, 898 (Ala.Cr.App.1976).
In light of the evidence submitted by the State, there are enough facts for a jury to infer that the two guns were stolen from the Cleveland barn.
With regard to the appellant’s contention that there was a failure by the State to prove that he knowingly possessed or received stolen property, we find the appellant’s argument to be without merit. There is testimony from two witnesses who saw the appellant and Gregory Williams with guns in their hands walking along the road where the guns were later found. These witnesses testified that as they drove by the appellant, the two men threw the guns into the bushes. When the witnesses drove by again, they again observed the guns in the hands of the appellant and his companion. One of the witnesses stated that again the men threw the three guns into the bushes.
At trial, one witness testified that the guns she observed the appellant carrying were “long guns” but the other witness testified that they “appeared to be the same guns” as the exhibits at trial. In addition, these men were on a road very near the Cleveland home when these incidents occurred. These circumstantial facts, when coupled with the fact that these men threw the guns into the bushes, apparently to avoid observation, constitute sufficient evidence to deny the appellant’s motion for directed verdict. See Dolvin v. State, 391 So.2d 133 (Ala.1980). It is well-settled that “[g]uilty knowledge may be inferred from all the facts and circumstances surrounding the entire transaction concerning the accused’s acquisition of the stolen property.” Ashurst v. State, 462 So.2d 999, 1004 (Ala.Cr.App.1984). The appellant cites Martin v. State, 461 So.2d 1340 (Ala.Cr.App.1984), for the proposition that the State failed to prove that the guns in the hands of the appellant were the same guns that were stolen. However, when coupled with the above-stated actions by the appellant, we find that there was sufficient evidence to warrant the submission of that question to a jury for final determination.
II.
Finally, the appellant argues that the trial court committed reversible error by improperly commenting on the evidence while giving instructions to the jury. There was no objection from the appellant at the time the alleged error was made or before the jury reached a verdict. Pursuant to Pinkard v. State, 405 So.2d 411, 416 (Ala.Cr.App.1981), “when a defendant makes no exceptions or objections to the oral charge, this court cannot review the issue of asserted jury instructions.”
AFFIRMED.
All the Judges concur.